LEMUEL D. STRONG *vs.* CHARLES D. BAKER and another, impleaded, etc.

January 23, 1879.

**Charge of Court.**—Where, upon the evidence, the successful party is entitled, upon a particular issue, to the verdict actually rendered, the charge as to other issues being correct, an inaccuracy in the charge as to that issue will not vitiate the verdict.

**Evidence of Suretyship—Firm Account-books.**—Upon an issue whether S. and B. were both principals, or B. was surety, in a note executed by them, their acts and transactions in respect to the consideration of the note, are competent evidence; and it appearing that they were partners, and that the money for which the note was given was used in purchasing property which was turned over to the partnership, it was competent to prove, by the firm account-books, that the firm credited S. with the property so turned over, and when.

Evidence *held* sufficient to sustain the verdict.

Appeal by plaintiff from an order of the district court for Douglas county, *McKelvy*, J., presiding, refusing a new trial. The action was on a promissory note signed by the defendants Sprague, Baker and Shippey. Sprague made no defence. Baker and Shippey defended on the ground that they signed the note as sureties, and that plaintiff, with knowledge of that fact, had extended the time for payment of the note, pursuant to a binding agreement between himself and Sprague, and without their knowledge or consent.

*L. W. Collins* and *N. B. Fulmer*, for appellant.

*D. B. Searle*, for respondent Baker.

*Knute Nelson*, for respondent Shippey.

GILFILLAN, C. J. Action on the promissory note of the defendants. Defence by each of the defendants, Baker and Shippey, separately, that he executed the note only as surety for Sprague, and that plaintiff, with knowledge of that fact, and without his consent, extended the time for payment of the note, by a valid agreement for such extension between plaintiff and Sprague. Verdict for defendants Baker and Shippey. Motion for a new trial, and appeal from order denying it.

So far as Shippey is concerned, the evidence leaves no doubt that he signed the note as surety, and little, if any, that the fact was known to plaintiff when he took the note. As to Baker, it is not so clear; but there is evidence enough as to his being surety, and the plaintiff's knowledge of it, to sustain the verdict as to those facts. That there was an agreement to extend the time of payment, was clearly shown, the only point made being, that it was not binding, because not made on a sufficient consideration. The note was upon a loan of $500 for thirty days. By its terms it bore interest, no rate being stated; but there appears to have been an oral understanding that the rate should be two per cent. a month, and the interest for the thirty days at that rate was added to the principal, making the note $510. The note fell due the latter part of May. At or just before the time it fell due, Sprague applied to plaintiff for further time upon it, saying he would pay the interest, and at that time paying as interest $10; and in each of the months, June, July and August, he paid as interest $10. Plaintiff testifies that when applied to by Sprague, in May, to wait longer for the money, he told him that he (plaintiff) did not need it particularly, and he (Sprague) could have it; and that then Sprague said he would pay the interest, and handed him $10; but he does not state any particular time for which he was to wait. But as he received, according to his own testimony, a like sum as interest in June and July and August, it is beyond doubt that each ten dollars was paid and received as the consideration for the right to retain the

money for one month. The $10 was paid voluntarily and without any fraud, and although in excess of the legal rate of interest, the payment was binding just as it was made. It needs no argument to show that the binding payment of $10, for the use of $500 for one month, is a sufficient consideration for an agreement by the creditor to wait one month for the principal. A valid agreement for an extension is shown fully by plaintiff's own testimony, and if Baker and Shippey were sureties, known by plaintiff to be such, and the agreement was made without their consent—which consent there was no attempt to prove—they were entitled to a verdict.

The jury were instructed that they must find for plaintiff, unless they found that Baker and Shippey were sureties, and so known to be by plaintiff. The verdict includes a finding that they were sureties, and that plaintiff knew it. These issues being so found, they had a right to a general verdict. So, if there was any inaccuracy in the charge as to the character or effect of the agreement for extension, the verdict being what it ought to be, no prejudice accrued from such inaccuracy.

It appeared that when the money was borrowed, Baker and Sprague were partners in the livery business, and that the money was used in buying horses. To prove that Baker was, as between him and Sprague, merely a surety, it was proper to show that Sprague borrowed the money on his own account, and for his own use. The books of the firm were introduced, to show that the firm credited him with the cost of the horses bought—the proceeds of the money borrowed. We can see no objection to this evidence. To show whether Baker and Sprague were principal and surety, it was necessary to show the acts and transactions between them in respect to the consideration for which the note was given; and the crediting Sprague, in the books of the firm, with the horses bought with the money borrowed, was an act of which the books were the best evidence. Order affirmed.