JAMES M. SCHULTZ and Another v. JOHN C. HOWARD and Others.

SAME v. WORLD'S FAIR MASONIC HOTEL COMPANY and Others.[1]

December 13, 1895.

Nos. 9672–9673–9674–9675—(151–152–153–154).

Promissory Note—Irregular Indorsers—Joint and Several Liability.

The obligation of "irregular indorsers" of a promissory note, who are liable as original promisors or makers, is joint and several, and not joint, with the obligation of the makers who sign their names at the foot of the note, although the instrument is in form in other respects joint.

Separate appeals in each of the above cases by defendants Howard, Nash, Brackett and Stone and by defendant Lynn, respectively, from orders of the district court for Hennepin county, Russell, J., respectively sustaining demurrers of plaintiffs to parts of the separate answers of defendants Howard, Nash, Brackett and Stone and to parts of the separate answer of defendant Lynn. Affirmed.

The first action was brought upon two promissory notes, the terms of which are stated in the opinion. The second action was brought upon three promissory notes of like tenor, except as to the amounts and times of payment. The indorsements on all the notes were the same, except that on the notes sued upon in the second action the indorsement of defendant Lynn was in the same form as the indorse-

[1] Reported in 65 N. W. 363.

ments of the other defendants and not in the form of a guaranty of collection as in the first case. In the second action, but not in the first, World's Fair Masonic Hotel Company was also joined as defendant.

*Louis A. Reed*, for appellants.

The obligation of the hotel company and appellants reads, "We promise to pay", and without use of the word "we", the obligation of these parties to pay would be joint, or the act of all, and not of one. Stein v. Passmore, 25 Minn. 256; Dennis v. Jackson, 57 Minn. 286, 59 N. W. 198; 2 Black, Judg. § 770; Brady v. Reynolds, 13 Cal. 31; Bliss, Code Pl. § 91, and cases cited; 1 Pomeroy, Eq. Jur. § 383 and cases cited; McMillan v. Ames, 33 Minn. 257, 22 N. W. 612; Lamprey v. Lamprey, 29 Minn. 151, 12 N. W. 514. When a maker of a joint note, or a joint acceptor, or a joint indorser, is discharged by a release, or otherwise, all others jointly bound with him are discharged; for no separate suit against each, or joint suit against all, can be maintained. 2 Daniel, Neg. Inst. § 1294; Nicolson v. Revell, 6 N. & M. 192; Robertson v. Smith, 18 Johns. 459; Crawford v. Roberts, 8 Ore. 324; Goodnow v. Smith, 18 Pick. 414; 24 Am. & Eng. Enc. Law, 845; Lynch v. Reynolds, 16 Johns. 41; Brown v. Williams, 4 Wend. 360; Anthony v. Capel, 53 Miss. 350; Ames v. Maday, 14 Iowa, 281; Miller v. Gaskins, S. & M. Ch. 524; Dickason v. Bell, 13 La. An. 249; Beall v. Cochran, 18 Ga. 38; Bank of State v. Robinson, 13 Ark. 214; Farmers' & Mech. Bank v. Kingsley, 2 Doug. (Mich.) 379; Bridges v. Phillips, 17 Tex. 128; Blackburn v. Beall, 21 Md. 208; United States v. Mattoon, 5 Mack. 565; Martin v. Taylor, 8 Bush, 384; Woolley v. Louisville Banking Co., 81 Ky. 527. If the holder of a joint obligation sues one of the joint obligors alone, and recovers, and afterwards sues another joint obligor, the latter may plead the judgment against a co-obligor and bar the action against him. Freeman, Judg. § 231; 2 Black, Judg. § 770; Bowen v. Hastings 47 Wis. 232, 2 N. W. 301; Combs v. Steele, 80 Ill. 101; Jansen v. Grimshaw, 125 Ill. 468, 17 N. E. 850; Sessions v. Johnson, 95 U. S. 347; Cowley v. Patch, 120 Mass. 137; Clinton Bank v. Hart, 5 Oh. St. 33; Smith v. Black, 9 S. & R. 142; Brady v. Reynolds, supra; Robinson v. Snyder, 74 Ind. 110; Wilson v. Buell, 117 Ind. 315, 20 N. E. 231. Where one of the several sureties for the same debt is released and the

contract is materially altered, all the other sureties are entirely released from liability.    24 Am. & Eng. Enc. Law, 856.    A release or discharge of one surety by the creditor will operate as a discharge of all the other sureties, even though it may be founded on a mere mistake of law.    1 Story, Eq. Jur. §§ 112, 498a; Nicolson v. Revell, supra; 1 Pomeroy, Eq. Jur. § 384.    In an action against several defendants upon a joint contract, not joint and several, plaintiff must recover against all or none, and the rule is not changed by statute. Fetz v. Clark, 7 Minn. 159 (217);  s. c. 8 Minn. 61 (86);  Whitney v. Reese, 11 Minn. 87 (138).

Defendant Lynn was released by the judgment against the hotel company.    His relation to the plaintiffs and to the other defendants is that of surety to the other defendants, who are sureties to plaintiffs.    One who guaranties payment of a debt is in every respect essentially a surety.    Hammel v. Beardsley, 31 Minn. 314, 17 N. W. 858;  Brady v. Reynolds, supra.    And he would only be liable in the event that plaintiff respondents could not enforce the debt against the hotel company and the other indorsers.    A guarantor for collection, as well as payment, of a debt, is a surety and a guarantor for collection, and is liable contingently upon the inability to collect from the principal.    1 Edwards, Bills & N. § 331;  Conner v. Howe, 35 Minn. 518, 29 N. W. 314.    Where a guaranty of collection is written on the back of an indorsed note, plaintiff must show a diligent attempt to collect both as against the indorser and maker, or he cannot recover.    1 Edwards, Bills & N. § 331;  Loveland v. Shepard, 2 Hill, 139.    The transfer of such an instrument would carry the indorsement as an incident, and a release of the maker would discharge the indorser, and so the guaranty of the collection of the instrument has reference to it as an indorsed note.    1 Edwards, Bills & N. § 331; Moakley v. Riggs, 19 Johns. 69.

*James O. Pierce*, for respondents.

The obligation of anomalous indorsers is joint and several.    The decisions in this state are not opposed to this rule.    Pierse v. Irvine, 1 Minn. 272 (369);  Rey v. Simpson, 1 Minn. 282 (380);  Winslow v. Boyden, 1 Minn. 285 (383);  McComb v. Thompson, 2 Minn. 114 (139); Marienthal v. Taylor, 1 Minn. 123 (147);  Levering v. Washington, 3 Minn. 227 (323);  Robinson v. Bartlett, 11 Minn. 302 (410);  Priedman

v. Johnson, 21 Minn. 12; Stein v. Passmore, 25 Minn. 256; Dennis v. Jackson, 57 Minn. 286, 59 N. W. 198. See Story, Promissory Notes, § 58; Union Bank v. Willis, 8 Metc. (Mass.) 504; Carpenter v. McLaughlin, 12 R. I. 270; Good v. Martin, 95 U. S. 90; Cook v. Southwick, 9 Tex. 615; 2 Parsons, Notes & B. (2d Ed.) 125; Hunt v. Adams, 6 Mass. 519; s. c. 5 Mass. 365, 7 Mass. 518; Parks v. Brinkerhoff, 2 Hill, 663; Nelson v. Dubois, 13 Johns. 175; Campbell v. Butler, 14 Johns. 349; Brown v. Butler, 99 Mass. 179; Allen v. Brown, 124 Mass. 77; Childs v. Wyman, 44 Me. 433; Schneider v. Schiffman, 20 Mo. 571; Rothschild v. Grix, 31 Mich. 150; Barr v. Mitchell, 7 Ore. 346; Gorman v. Ketchum, 33 Wis. 427; Way v. Butterworth, 108 Mass. 509; McGuire v. Bosworth, 1 La. An. 248; Moies v. Bird, 11 Mass. 436; Flint v. Day, 9 Vt. 345; Houghton v. Ely, 26 Wis. 181; Orrick v. Colston, 7 Gratt. 189, 199; Moore v. Cross, 19 N. Y. 227; Riley v. Gerrish, 9 Cush. 104; People's Bank v. Rockwood, 59 Minn. 420, 61 N. W. 457; Wolford v. Bowen, 57 Minn. 267, 59 N. W. 195; Brady v. Reynolds, 13 Cal. 31; Gist v. Drakely, 2 Gill, 330; D'Wolf v. Rabaud, 1 Pet. 475, 500. The present suit is in conformity with G. S. 1894, § 5166. Folsom v. Carli, 5 Minn. 264 (333); Hammel v. Beardsley, 31 Minn. 314, 17 N. W. 858; Lucy v. Wilkins, 33 Minn. 21, 21 N. W. 849; Steffes v. Lemke, 40 Minn. 27, 41 N. W. 302; Wolford v. Bowen, supra. In order to hold a guarantor for collection, it is necessary, either to attempt to collect the note from the maker, by due course of law, or else to prove that the maker was at the maturity of the note, and still continues, so utterly insolvent that an action against him would be fruitless. Osborne v. Thompson, 36 Minn. 528, 33 N. W. 1; Brackett v. Rich, 23 Minn. 485; Conner v. Howe, 35 Minn. 518, 29 N. W. 314; Nichols v. Allen, 22 Minn. 283. See Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161. Where the allegations of the pleadings show unquestionably that to refuse a separate suit would be to refuse justice, it will be held that the exceptional circumstances authorize the suit and sustain a recovery against a part of those bound. Fetz v. Clark, 7 Minn. 159 (217). Neither is it correct to assume that the language of the notes, "We promise to pay," was intended to include the indorsers, and that thereby the obligation of all was joint. 1 Randolph Com. Paper, § 143; Latham v. Houston Flour Mills, 68 Tex. 127, 3 S. W. 462; Atkins v. Brown, 59 Me. 90; Castle v. Belfast Foundry

Co., 72 Me. 167; Draper v. Massachusetts Heating Co., 5 Allen, 338; Means v. Swormstedt, 32 Ind. 87; Gist v. Drakely, supra.

MITCHELL, J.[2]  This was an action on two promissory notes, upon which defendant Lynn was guarantor, and the other defendants makers. The case comes here on appeal from an order sustaining a demurrer to defendants' second defense, by which they claim that they were released by reason of the plaintiffs having previously obtained judgment upon the notes against another maker alone, who is not a party to this action.

The principle sought to be invoked is that joint contractors must all be sued together; that, if one is omitted, the nonjoinder may be pleaded in abatement. Hence, if the cause of action against one of the joint contractors is merged in a judgment, the others are released, because it is then impossible to maintain a joint action against all. We nowhere find in the pleadings anything to show that the notes sued on were in form joint, and not joint and several; and on that ground alone the order appealed from might be affirmed. But both sides have argued the case on the assumption that the notes are of the following tenor:

"$7,000.00. Chicago, March 20th, 1893. April first after date, for value received, we promise to pay to the order of Schultz Bros. seven thousand and no 100 dollars, at the Globe National Bank, with interest at — per cent. per annum, after —, until paid. World's Fair Masonic Hotel Co., by J. C. Howard, President."

Indorsed: "J. C. Howard, J. W. Nash, W. M. Brackett, J. W. Stone.

"I hereby guaranty the collection of the within note, if not paid at maturity. Value rec'd. W. H. Lynn."

The other note is of like tenor, except as to amount and time of payment.

The judgment alleged in the answer to have been obtained on the notes in the state of Illinois was against the World's Fair Masonic Hotel Company, an Illinois corporation. It stands admitted that those whose names are written on the back of the notes signed them at the date of their execution for the purpose of giving credit to the

2 Buck, J., absent, took no part.

hotel company with the plaintiffs, and as security for the payment of the notes. Hence, according to the law of this state,—and, in the absence of an allegation to the contrary, we must assume that the law of Illinois is the same,—the defendants Howard, Nash, Brackett, and Stone were original promisors or makers, although, as between themselves and the hotel company, they were mere sureties for the latter. Counsel for plaintiff cites in his brief the statute of Illinois, to the effect that "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants." [3] Assuming that the Globe National Bank, at which the notes were payable, is in Illinois, this statute, if pleaded, would have been decisive of the case, for it is settled law that the place of the contract regulates its validity, interpretation, and the nature of its obligation. By "nature" is meant those qualities which inhere in and pertain to it; as whether it is joint, or joint and several. Daniel, Neg. Inst. § 872. But the statutes of another state must be pleaded and proved as any other fact. The courts will not take judicial notice of them.

Counsel's further contention is that, whatever the form of the contract, when it appears that some of the obligors executed it merely as sureties for another who was the principal debtor, then, as between the former and the latter, the obligation is joint and several, and not joint. There is much force in this contention, for it would seem unreasonable that the obligee could not first proceed to enforce the contract against the principal obligor, without releasing the sureties; and we do not remember of ever having met with a case in which it was held that such would be the effect of his doing so. But it is not necessary in this case to go that far.

We are of opinion that where, as here, some of the promisors sign a promissory note at the foot and others on the back, it should be held that the intention was that, as between the two classes of promisors, their obligation should be joint and several, and not joint. It is true that under the decisions of this court, where they sign their names under the circumstances which existed in this case, they are all original promisors or makers, whether their names are found at the foot or on the back of the note. But the fact cannot be ignored that by signing their names on the back of a note, instead of in the

[3] Statutes Illinois, c. 76, § 3 (Starr & Curtis' Ed.)

usual and ordinary place, parties must have meant to effect some difference in the nature of their obligation from what it would have been had they affixed their signatures at the foot of the note, along with the other makers. We suppose that, as a matter of fact, in no case do those who sign their names on the back of a note intend to assume the obligation of "joint obligors," strictly so called, with those who sign at the foot. Their actual intention is, doubtless, to assume the obligation of either sureties or indorsers. In order to establish a fixed rule governing negotiable paper, we have held that, although as between themselves and the other makers, they may be mere sureties, yet as to the payee, they must be conclusively presumed to have assumed the obligation of makers. But there is nothing in this doctrine at all inconsistent with giving effect to the act of the parties in placing their names on the back of the paper as expressing an intent that their obligation should be joint and several, and not joint, with the obligation of those who sign the note in the usual place. This construction of their contract is the one most favorable to themselves; for if they are sureties, as they usually are, it leaves the holder of the note at liberty to first pursue his remedies against the principal debtor. There should be no presumptions indulged in, in favor of an obligation being joint instead of joint and several. The rules of law as to joint obligations are, at best, extremely technical and inconvenient; and many states have, like Illinois, enacted statutes declaring them to be joint and several.

We have examined our own decisions, as well as those of Massachusetts, from which we adopted the doctrine, holding that these "irregular indorsers" are original promisors or makers, and find nothing in any of them in conflict with the conclusion at which we have arrived. We find that, in defining the nature of their obligation, they are indiscriminately and interchangeably spoken of as "original promisors," "joint makers," and "joint and several makers." But in all these cases the question before the court was not whether their obligation was joint, or joint and several, with that of the other parties to the paper, but whether it was that of maker or that of indorser or of guarantor; and these various expressions were used merely to state that their obligation was the former, and not the latter. We do not wish to be understood as holding that, as between themselves, the obligation of those who signed on the back of the

notes was joint and several. It may be joint as between themselves, and yet joint and several as to those who signed at the foot.

The conclusion at which we have arrived on this question renders it unnecessary to consider any other.

The result is that in all of the actions between these parties the orders appealed from are affirmed.