### HITCHCOCK *v.* FRACKELTON.

1. PROMISSORY NOTES — IRREGULAR INDORSEMENT — PAROL EVIDENCE.

   In an action upon a promissory note by the payee, parol evidence is admissible to show that the defendant, who indorsed the note before delivery, was, as between the maker and himself, a surety, and that the payee had knowledge of the fact.

2. SAME—EXTENSION OF TIME—RELEASE OF SURETY.

   Evidence that a sum equal to the interest on a note for 90 days was accepted by the payee in advance from the maker, and that a notice that the note would fall due at a date three months later than the original date of maturity was sent out by the payee, is competent to show that the time of payment was extended and the surety thereby released.

3. TRIAL—JUDGMENT—DISCONTINUANCE.

   By proceeding to judgment against one of several defendants, who alone was served, plaintiff elects to discontinue as to the others.

4. JOINT DEBTORS—JUDGMENT—MERGER.

   A judgment in form against all of a number of joint debtors, one of whom only was served, does not constitute an extinguishment of the debt, so as to bar a subsequent action thereon.

5. PROMISSORY NOTES—JUDGMENT—BAR—CONFLICT OF LAWS.

   Under the laws of Minnesota, the maker of a promissory note, and a third person indorsing the same before delivery, stand in the relation of joint and several makers of the note, and a judgment against one is no bar to an action against the

other; which rule will be applied in determining the rights of the several parties under a note executed, delivered, and made payable in that State.

Error to Genesee; Wisner, J. Submitted February 3, 1898. Decided March 29, 1898.

*Assumpsit* by Allison L. Hitchcock against David S. Frackelton and others upon promissory notes. From a judgment for plaintiff, defendant Frackelton brings error. Reversed.

*Clarence Tinker*, for appellant.

*Bowen, Douglas & Whiting*, for appellee.

Montgomery, J. This was an action commenced by declaration on the part of Allison L. Hitchcock, as nominal plaintiff, the actual plaintiff being the Security Bank of Minnesota, on three promissory notes, against the defendants nominally, but against David S. Frackelton as the only one served, upon his irregular indorsement on the back of said notes. The indorsement of defendant Frackelton was made on the back of all the notes before delivery, and the consideration for the notes for which they were renewals was placed on the books of the Security Bank of Minnesota (the actual plaintiff herein) to the credit of the Price Condit Fence Company, the maker, and by the Price Condit Fence Company checked out of said bank, and used in its business, defendant Frackelton receiving none of the consideration for any of said notes, which fact was known to the bank. Upon the 14th day of November, 1890, a suit upon these three notes was begun in the district court for Hennepin county, Minn., by the Security Bank of Minnesota against the Price Condit Fence Company, George F. Porter, D. S. Frackelton, and Ambrose W. Daynes. July 6, 1891, plaintiff took judgment against the Price Condit Fence Company alone, for the sum of $14,292.65, which judgment was duly dock-

eted on that date. On July 29, 1891, an execution on said judgment was issued against the property of the Price Condit Fence Company, and indorsed by plaintiff's attorneys, and placed in the hands of the sheriff of Hennepin county, Minn. Upon the 6th day of August, 1891, the said sheriff made his return of the said execution unsatisfied.

The present suit was started in the name of Allison L. Hitchcock, in the Wayne circuit court, December 28, 1891, and was transferred to the Genesee county circuit, on motion for change of venue. On December 10, 1891, the Security Bank, by its attorneys, moved the district court for the county of Hennepin, Minn., to amend the judgment taken against the Price Condit Fence Company on July 6, 1891, and the amended and corrected judgment was made on the 15th of December, 1891. The Price Condit Fence Company became insolvent, and on November 4, 1890, made an assignment for the benefit of creditors to Emmett P. Browning, assignee. The present case was tried in the Genesee circuit, before the court and jury. The court admitted the evidence that the defendant Frackelton was a joint maker and surety, and, at the close of the evidence, ordered the same to be stricken out; and then the case was continued for the taking of further evidence, and, by the consent of the parties, the jury was discharged from the further consideration of the case, and the court rendered a judgment in the case on December 23, 1895. The defendant in the case pleaded the general issue, and gave notice by special plea of the fact that he was an irregular indorser before delivery, and received none of the consideration, becoming thereby joint maker and surety, which fact was known to the actual plaintiff, and that, after the maturity of the notes, the same were extended, without the knowledge or consent of the defendant Frackelton, by the payment of the interest in advance by the maker, the Price Condit Fence Company, to the Security Bank, for a specified time; and of the previous judgment upon the same identical notes, which would be a bar to the present action.

The legal questions are:

(1) Was it not competent for defendant Frackelton to show by parol testimony that he was a surety on the notes, as well as a joint maker, and that that fact was known to plaintiff ?

(2) Was not the evidence of the acceptance of interest in advance on these notes, after their maturity, by the payee, the Security Bank, from the maker, the Price Condit Fence Company, and the several notices sent by the Security Bank to the Price Condit Fence Company thereafter, saying these notes would be due at the various times to which such interest had been paid in advance, and the verified answer of the Price Condit Fence Company in the suit brought in Minnesota by the Security Bank, alleging the extension of these notes, and the reply of the Security Bank, admitting the receipt of the money, admissible as tending to show an extension of the notes, and without the knowledge or consent of defendant Frackelton, releasing him as surety thereon, and should not this evidence have been submitted to the jury for their determination as to whether or not the notes were extended and defendant Frackelton released, the same being a question of fact ?

(3) Did not the judgment taken by the Security Bank of Minnesota against the Price Condit Fence Company, as maker of the notes, in the suit brought in the district court of Hennepin county, Minn., against the Price Condit Fence Company jointly with defendant Frackelton and others, on these same notes, amount to an election on the part of the Security Bank, and a release of defendant Frackelton, and thereby become a bar to this action ?

The first and the third of these questions must be determined in accordance with the law of Minnesota, as the notes in question are Minnesota contracts.

1. It has been frequently held by the supreme court of that State that, in an action on a note by the payee against the maker or indorser, it is not competent to show by parol that there was at the time a parol agreement that such maker or indorser should not be held on the undertaking as maker or indorser. *First Nat. Bank* v. *National Marine Bank*, 20 Minn. 63; *Kern* v. *Von Phul*, 7 Minn. 426 (82 Am. Dec. 105). This holding

accords with the decisions of this court (see *Kulenkamp v. Groff*, 71 Mich. 675 [1 L. R. A. 594, 15 Am. St. Rep. 283]; *Phelps* v. *Abbott*, 114 Mich. 88, and cases cited), and is likewise in harmony with the great weight of authority, as we conceive. These holdings rest upon the rule that it is incompetent to vary by parol the terms of a written instrument. This rule is not, however, generally held to preclude evidence that the makers of such an instrument are, as between themselves, the one principal and the other surety, and that the payee is acquainted with that fact, not for the purpose of showing that the maker is not liable as he contracted to be, but to show that it would be inequitable to permit the payee to vary the terms of the contract or imperil the rights of the surety by an extension. This doctrine is accepted by the courts with equal unanimity. 1 Am. & Eng. Enc. Law (2d Ed.), 343; *Smith* v. *Shelden*, 35 Mich. 42 (24 Am. Rep. 529); *Stevens* v. *Oaks*, 58 Mich. 343. A careful examination of the cases cited by the plaintiff has not resulted in our finding a case decided by the Supreme Court of Minnesota in conflict with the current of authority upon this subject, while we think *Strong* v. *Baker*, 25 Minn. 442, supports it. It must be held that it was competent for the defendant to show that he was, as between the Price Condit Fence Company and himself, a surety, and that the bank had notice of this fact.

2. Was there testimony tending to show that the time of payment was extended on these notes? We think there was. It appears by the testimony that a sum equal to the interest on each of these notes for 90 days was paid in advance, and that notice that the notes would *fall due* at a date three months later than the original date of their maturity was sent out by the bank. These facts certainly had some tendency to support defendant's claim; indeed, if unexplained, would have established the fact of an extension. True, there was testimony that the payments were not received to apply on interest, but this evidence did not preclude the defendant from having the jury pass

upon the credibility, and determine whether the admissions and acts of the bank officials at the time are in accord with the actual facts.

3. Was the judgment taken against the Price Condit Fence Company a bar? The original judgment was taken in the district court of Hennepin county, Minn., against the Price Condit Fence Company alone, in an action brought by the bank against all the makers of the notes. This judgment was, as before stated, afterwards amended so as to read in form against all the defendants. The judgment in form as amended was not an extinguishment of the demand sued upon. *Bonesteel* v. *Todd*, 9 Mich. 371 (80 Am. Dec. 90); *Holcomb* v. *Tift*, 54 Mich. 647. We think the amendment of the judgment was within the authority of the court; but, if the original judgment be treated as in force, it amounted to an election to proceed against the Price Condit Fence Company alone, and worked a discontinuance as against the defendants not served. In *Schultz* v. *Howard*, 63 Minn. 196, it was held that the parties to such a note as those in suit in this case were joint and several makers, and that a judgment against one is no bar to an action against the other. We hold that, applying the law of that State to the case, there was no merger.

For the errors pointed out, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.