## SMITH v. RANDALL.

In the construction of a statute the intention of the Legislature must govern, and this must be ascertained not from a particular section but from the whole statute.

If the sheriff, before a sale of real estate under execution, neglects to give the proper notice, the statute gives an adequate remedy against the officer. There is not sufficient cause to set aside or avoid the sale.

The sheriff may, on the request of the defendant in execution, properly levy on real estate, though there be personal property present amply sufficient to satisfy the execution.

Where the land sold under execution consisted of separate but adjoining tracts, but the sheriff and the purchaser were ignorant of the sub-divisions, and the defendant failed to inform the sheriff of the fact, or to direct a sale by parcels, *Held* that the sale of the land, in gross, was valid.

Inadequacy of price, though a fact admissible in evidence to establish fraud, is never of itself sufficient to annul a sale under execution.

A mortgagee of the defendant in execution, who has failed to record his mortgage until after the sale, has no lien or intervening rights as against the purchaser: he can redeem under the statute: if he fails to do so a Court of Equity will not interpose.

APPEAL from the District Court of the Fourth Judicial District.

The plaintiff recovered judgment against the defendant, of which judgment Thomas G. Richards became the owner, and caused an exe-

cution to be issued to the sheriff of Marin County, who levied on and sold certain lands of defendant in that county, the defendant having sufficient personal property to satisfy the execution. The levy was made February 20th, 1855, and the sale took place March 12th, 1855. The lands were sold in gross under direction of defendant. The defendant executed a mortgage on the premises to William J. Shaw, dated February 5th, acknowledged February 15th, and recorded in Marin County March 15th, 1855. In the month of August following the defendant obtained, on return of an order to show cause, an order in the Fourth District Court setting aside the sale, on affidavits submitted by defendant, and counter affidavits filed by Richards, setting forth facts appearing in the opinion of the Court; from which order Richards appeals.

*Crockett & Page* for Appellant.

The Court erred in setting aside the sale. The proceedings of the sheriff were regular, and by direction of the defendant, who surrendered the land as one tract, (though it was held under two grants,) and who requested that it should be sold instead of personal property. The defendant cannot complain of the compliance with his own request. Williamson v. Logan, 1. B. Mon. 241.

*N. Bennett* for Respondent. (The points taken appear in the opinion.)

The notice of sale was insufficient. If sec. 530 of the Practice Act were the only section touching the matter, the last day would be included, but sec. 221 requires a notice to be given for twenty days successively *before* the sale. This excludes the day on which the sale is made. Burrill's and Bouvier's Dictionaries, under the word "Time," for citation of authorities, 4 Kent's Comm., 95, note a; Small v. Edrick, 5 Wend. 137; Atkins v. Boylstòn F. & M. Ins. Co., 5 Metc., 439; Bigelow v. Wilson, 1 Pick. 485.

Sec. 223 of the Practice Act requires real property, when consisting of several known lots or parcels, to be sold separately. In this case the land consisted of two distinct ranches. It is contended that the statute is merely directory. If so, the circumstances of this case are proper for the consideration of the Court. But we submit that the statute is imperative, and that, in a proceeding between the original parties, the Court will set aside a lumping sale for want of a *substantial* compliance with its provisions. Jackson v. Newton, 18 Johns. 362; Rowley v. Brown, 1 Binn. 61.

Though inadequacy of price is not alone sufficient to annul a sale, yet gross inadequacy, in connection with other facts, is one ground for the interposition of the Court.

The description of the land in gross, in the sheriff's certificate, is insufficient.

This is a case for the exercise of an equitable, and to a certain extent, discretionary jurisdiction of the Court, to prevent a great wrong and injury, and by which the appellant can suffer no loss.

*Crockett & Page* in reply.

The notice was sufficient under the statute. Practice Act, sec. 530. If the officer failed to give proper notice, he is liable. Ib. sec. 222. It does not affect the sale. The statute is directory. Webber *v.* Cox, 6 Mon. 110.

Hayden *v.* Dunlap, 3 Bibb. 216. It does not appear that the subdivisions of the land were *known* to the sheriff. Practice Act, sec. 223.

It has been fully decided that inadequacy of price is insufficient to set aside a sale.

The land was sold, instead of personal property, at defendant's request. But the statute on that point, as well as to the description of the land, is merely directory.

Shaw's mortgage was recorded after levy and sale. Had his lien been prior, the sale could not have affected his rights.

The order setting aside the sale, is a special order after final judgment, and is appealable. Practice Act, sec. 347, as amended.

Mr. Justice TERRY delivered the opinion of the Court. Mr. Justice HEYDENFELDT concurred.

The appellant being the owner of a judgment recovered against respondent in the Fourth District Court, caused an execution to be issued to the sheriff of Marin County, who levied on and sold certain lands in said county belonging to respondent. On motion of respondent the Court below made an order annulling and setting aside said sale, and from this order an appeal was taken.

The order itself does not specify any ground on which the sale was annulled; from the record, however, it appears that the motion was heard on affidavits which established the following facts : 1st. That, at the time of the levy of the execution, respondent was the owner of personal property, in the county, more than sufficient to satisfy the judgment, and that appellant instructed the sheriff to levy on the personal property, but that respondent claimed the right to designate the property, and at his request the sheriff levied on the land.

2d. That notice of sale was given in the usual manner on the 20th of February, 1855, describing said land as one tract, when in fact it consisted of two adjoining tracts, owned by respondent under separate titles.

3d. That respondent, at the time of the levy, promised to give to the sheriff a description of the land, and afterwards, when requested to do so, showed him a notice which had been formerly posted, and told him it contained a correct description of the land levied on. That the notice given by the sheriff was copied from the one shown by respondent, and the boundaries included the two tracts owned by him.

4th. That the land was sold (subject to redemption) as one tract on the 12th day of March, 1855, and the appellant being the purchaser, for the sum of $1,755, (the amount of judgment and costs) received a certificate of sale, which was filed for record in the proper office on the same day.

5th. That, at the time of sale, the land was worth $20,000, or $25,000.

6th. That respondent, to secure a debt due to William J. Shaw, executed to him a mortgage on said land, which mortgage was acknowledged February 15th, and recorded in Marin County on the 15th day of March, 1855.

The respondent contends that the seizure and sale of said land was illegal and void, because : 1st. The notice of sale did not particularly describe the land, and said notice was not posted twenty days *before* the day of sale. 2d. That defendant being the owner of personal property sufficient to satisfy the judgment, could not waive the necessity of having such personal property sold in preference to the land, because the rights of the mortgagee would be prejudiced by a sale of the land. 3d. The land consisted of separate parcels, and was sold as one tract. 4th. The price for which the land was sold is greatly inadequate to its value.

It has been often decided that the provisions of statutes similar to ours, with respect to levy and notice of sale under execution, are merely directory, and the failure of the officer to comply with the requirements of the law, in this respect, would not vitiate such sale, but the party aggrieved by his neglect is left to his remedy by an action against the officer. 6 Mun. 111, 3 Bibb. 216. This rule is founded in justice and sound policy.

Very few of those who become purchasers of land at sheriff's sales, have an opportunity of knowing whether or not the law, with respect to notice, has been strictly complied with, or whether the defendants in execution have personal property at the time of the levy, and if every mistake or neglect of duty, on the part of a sheriff, would operate to invalidate such sale, great injury would result, both to debtor and creditor, for no prudent man would give a fair price for property, if he was liable to be divested of his title by reason of the laches of the officer. Is there any thing in our statutes in conflict with the view above taken?

The intention of the Legislature, where it can be ascertained, must govern in the construction of a statute. This intention should not be taken from a particular section, but from the whole statute. Section 221 of the "Act to regulate proceedings in civil cases," provides that the sheriff shall, before a sale of real estate under execution, give notice of the time and place of sale, for twenty days. If the officer neglects to give such notice the following section provides, not that the sale shall be void, but "an officer selling without the required notice shall forfeit five hundred dollars to the aggrieved party in addition to his actual damages." Section 222.

The statute having thus provided an adequate remedy, by an action against the officer, the party aggrieved can have no other *expressio unius exclusio est alterius.*

With regard to the validity of the levy, I have no doubt that a sheriff, on the request of defendant, may levy on real estate, though there be personal property present amply sufficient to satisfy the execution.

Section 210 of the Act before-named, which prescribes the form of

Smith *v.* Randall.

an execution provides, if it be against the property of the judgment debtor, it shall require the sheriff to satisfy the judgment out of the personal property of such debtor, and if sufficient personal property cannot be found, then out of the real property.   Section 217 provides that " All goods, chattels, moneys and other property, real and personal, not exempt by law, shall be liable to execution."   The 220th section provides, that the sheriff shall execute the writ against the property of the judgment debtor, by levying on a sufficient amount of property, if there be sufficient, collecting or selling the things in action, and selling the other property; and when there is more property of the judgment debtor than is sufficient to satisfy the judgment and sheriff's fees, within the view of the sheriff, he shall levy only on such part of the property as the judgment debtor may indicate, provided he be present and indicate property sufficient to satisfy the judgment and costs.   This section was evidently enacted for the benefit of the debtor.

Many persons in our State are the owners of large bodies of unproductive land, from which they derive no revenue, and upon which the taxes are sometimes burdensome; such person might well prefer that an execution against him should be satisfied by a sale of land rather than personal property, especially when, under the law the land is sold, subject to redemption, within six months, by the payment of the purchase money, with damages, which amount to but little more than the current rate of interest in California.

In the case under consideration the defendant in execution designated an amount of property sufficient to satisfy the judgment and costs. The claim of the mortgagee, his mortgage not having been recorded, was no lien on the land as against creditors, and if his interest was prejudiced by the levy, it was in consequence of his own negligence.

It is further contended, by counsel, that the sale was void because it was not made in accordance with law, and because of gross inadequacy of price.

The 223d section of the Practice Act provides, that when the sale is of real property, consisting of several known lots or parcels, they shall be sold separately.   The Act also gives the judgment debtor the right to direct the order in which the property shall be sold, and requires the sheriff to follow his directions.   It appears that the land sold consisted of two separate but adjoining tracts, portions of which were separately enclosed and occupied by tenants, but it also appears that neither the sheriff or purchaser knew of these facts.   The respondent surrendered the land to the sheriff without informing him that there existed any sub-divisions, and the sale was made according to the description which he furnished.

As a general rule, the sales in mass, of land consisting of separate lots, are not tolerated or countenanced in Courts of justice.   But this rule should not be extended so as to allow a debtor, by misleading the officer with a false description, or by witholding information to invalidate a sale under execution, made in good faith, in the entire absence of fraud.

In the case of Rowley *v.* Brown, 1 Binney 61, cited by respondent, the Court says, "It is the rule of this Court, in every case, to disallow a lumping sale by the sheriff, where, from the distinctness of the items of property, he can make distinct sales. It is essential to justice and to the protection of the unfortunate debtor that this should be the general rule; any other would lead to the most shameful sacrifice of property. There may be exceptions, but the purchaser must bring himself within them."

In Williamson *v.* Logan, 1 B. Mun. 241, the Court refused to set aside a lumping sale of land, consisting of separate tracts, on the ground that it had been given up to the sheriff by one of the defendants in gross. The Court held, "though a parol authority to the officer to sell and convey lands, would not be good under our statute of frauds and perjuries, when the officer had no legal authority to sell and convey, yet we are satisfied when he has legal power to levy, sell and convey, that a party interested may, by parol, give authority to sell in gross, or waive any irregularity of sale on this ground." See 8 Dana, 200.

In the case of Woods *v.* Monell, reported in 1 John. Chan. Rep., p. 502, Chancellor Kent refused to set aside a sheriff's sale of separate lots in gross, although the defendant was present at the time of sale; and requested the sheriff to sell the premises by lots, and not in one entire parcel, because the defendant produced no map or other description of the land, as laid out in lots, and also because, in a deed of trust, executed six months, to which defendant was a party, the land was described as "one lot, piece or parcel of land." "To bring the sheriff in default, or to charge him with an abuse of trust, the party who was then in possession, and claimed the land, ought at least to have furnished the sheriff with clear and distinct proof of the division of the three acres into town lots, and the size and description of those lots, and that the same was the act of the owner." See p. 506.

In this case the sale of the land in gross was occasioned by the incorrect description of the premises, given to the sheriff by respondent, and by his failing to inform the officer of the true situation of the property. To set aside the sale on this ground, under the circumstances, would be to allow a party to take advantage of his own deceit or negligence.

Inadequacy of price is a fact which is admitted to be given in evidence in proceedings of this nature, to establish, in connection with other circumstances, fraud in the officer making a sale, but is never of itself sufficient to annul such sale, and certainly it would not be sufficient under our law, which provides for the redemption of the property sold.

That part of the argument of counsel which is based upon the great injury which will result to the respondent and the mortgagee if the judgment be reversed is, under the circumstances of this case, entitled to no consideration at the hands of a Court. By the terms of the sale the respondent or his mortgagee had a right, at any time within six months, to redeem the land by the payment of the purchase money,

with eighteen per cent. damages, and such taxes as had been paid by the purchaser; if they had failed to do so, a Court of Equity should not interpose to protect them from the consequences of their negligence.

The order of the Court below, annulling the sale, is reversed, with costs.