### HARVEY v. FISK.

In an action against a purchaser at sheriff's sale, for not paying the amount of his bid, it cannot be set up in defence, that no sufficient notice of the sale was given. If such be the fact, the recourse of the purchaser is against the sheriff.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

This was a motion by plaintiff, as constable, made on notice, under the two hundred and twenty-fourth section of the Practice Act, for judgment of $650, against defendant Fisk, as defaulting bidder at a constable's sale, of property under execution. The only defence relied upon by defendant was, the illegality of the officer's notice of the sale of the property.

*Francis J. Dunn* for Appellant.

*Taylor & Kirkpatrick, and William M. Stewart,* for Respondent.
A defective notice does not affect the title of a purchaser of property at sheriffs' or constables' sales. Smith *v.* Randall, 6 Cal., 47.

The objection that there was no tender, by Harvey, of a certificate of sale, has been decided by this Court, in the case of The People ex rel. Kohler *v.* John C. Hays, 5 Cal., 66. A tender is there held unnecessary.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was a proceeding under the two hundred and twenty-fourth section of the Practice Act, to recover from defendant, the loss occasioned by his refusal to pay the amount of his bid at a sale under execution of certain property.

There are numerous objections to the rejection of testimony offered by defendant, which it will not be necessary to notice in detail, as the testimony offered was not pertinent to any material issue raised by the pleadings.

The plaintiff alleged the sale of the property under execution, after lawful notice, the purchase by defendant, his refusal to pay

7

the purchase-money, the re-sale of the property, for a less sum than that bid by defendant.

Defendant admitted all the facts alleged, except that lawful notice of the sale was given, and set up fraud and collusion in the officer and purchaser at the second sale. No evidence was introduced to prove the allegation of fraud, the defendant seeming to rely on the insufficiency of the notice, and the failure of the officer to tender a certificate of sale.

In the case of Smith v. Randall, (6 Cal., 47,) we decided that the neglect of the officer making a sale, to give the notice required by law, did not affect the validity of such sale, but that the party aggrieved had his remedy against the officer, for any injury sustained by reason of his neglect.

The question raised by the pleadings, as to the sufficiency of the notice, was therefore immaterial, as it did not affect the validity of the sale, or the obligation of the defendant to pay the amount of his bid: the evidence on this point was properly rejected.

The evidence offered, to show that at the time of the sale there were several executions against the property in the hands of the officer, one of which belonged to defendant, was properly rejected : first, because no such issue was raised by the pleadings ; and second, the fact, if admissible and true, was no defence, as there was no offer to pay the sum bid, after deducting the amount due on defendant's execution.

The objection, that there was no tender of a certificate of sale, is frivolous ; the question has already been twice decided by this Court. (See Kohler v. Hays, 5 Cal., 66, and Williams v. Smith, 6 Cal., 91.) The appeal was without merit, and was evidently taken for delay.

Judgment affirmed, with ten per cent. damages and costs.