Campbell, J.:
The proceedings brought up for review in this[1] case are garnishee proceedings. Davis & Spaulding recovered judgment before a justice in a suit brought against John Turner and John Smith. Zimmer was summoned as their debtor, and disclosed that he had a contract with them for a house, on which he owed them, or would owe them, four hundred and twenty-two dollars, less any damages which he might have against them for non-fulfillment. On the trial of the garnishee proceedings the uncontradicted evidence showed the completion of the contract by tbe contractors and plaintiffs as their assignees, within a short time after that fixed. The damages for delay were fixed by the contract at ten dollars a week, and would not reduce the price, by more than a hundred dollars, to tne amount of the judgment.
*40 The garnishee alleges as error, first, the admission in evidence of the docket entry of the judgment against the principal debtors, and certain explanatory testimony showing a clerical error therein.
*The docket showed a joint suit and but one defendant served with process, and a judgment against the “defendant,” for two hundred and seventy-eight dollars and seventy-nine cents damages, and four dollars costs. The justice swore this was a clerical error for “ defendants.”
The statute requires that where only one of two joint debtors is served, the judgment shall be in form against them both. — O.I., $6877.
This being so, a finding against one indicates sufficiently what judgment the plaintiff is entitled to, and his rights are not affected by a clerical misprision of the justice. It has been held by this court that the verdict of a jury in a justice’s court is itself equivalent to a judgment.— Overall v. Pero, 1 Mich. R., 315. Where the record shows clearly the right adjudicated it cannot be defeated by a merely formal defect. The testimony of the justice showed no more than was apparent from the docket, and could do no harm to any one. The error is not well alleged.
Plaintiff Davis had been called as a witness, and had sworn the house was one for which he had furnished material. He was asked, among other things: “ State how you know that the building has been completed according to the plans and specifications ?” This was objected to, but no grounds of objection were stated, and the answer was received. The question was not irrelevant, and as his previous testimony is not detailed, we can see no reason fon presuming any impropriety in it. It was not objected to as leading, or as a question which he was not qualified to answer. In fact, it implies that he had already given some evidence of his knowledge. Unless- the testimony would be inadmissible from anybody and under all circumstances, it could not be rejected where no more appears than we have in this record.
There are some other questions raised, none of which appear to us to have any pertinence. As Zimmer was bound to pay *41 for the house if built properly, it did not concern, him, wheiTit was finished in that way, whether it *was done by his contractors or by plaintiffs as their assignees.
And as he was not called on to pay any more than the contract required, he was not injured by irrelevant testimony concerning the cost or circumstances of portions of the work.
We find no error in the record, and the judgment must be affirmed, with costs.
The other justices concurred.