SETH HOLCOMB v. LE ROY TIFT.

54 647
116 492

*Justice's courts—Judgment for joint debt—Transcript in evidence—Presumption in favor of certificate—Merger of debt in judgment.*

1. The judgment to be rendered in justice's court on a joint debt when only one defendant is served is prescribed by statute, and the use of the word "defendant" instead of "defendants" in rendering judgment is a mere clerical misprision and leaves the judgment if not taken up for review, valid as against the defendant who was served.

2. A transcript of a justice's judgment is admissible as evidence though certified by another justice, if his certificate shows that he had possession of the docket of the justice who rendered the judgment.

3. It is presumed that a particular justice of the peace is the one who certified a transcript if his name is signed, as justice, to the certificate.

4. A justice's judgment, though joint in form is not in law a joint obligation binding both defendants alike, if only one was served, and it does not merge the debt so as to preclude suing both over again. The one who was not served is not personally bound, and cannot be until he is sued on the original obligation. The judgment therefore may be sued as an individual obligation against the one who was served and the case may be discontinued as to the other.

Error to Newaygo. (Fuller, J.) June 25.—Sept. 23.

ASSUMPSIT. Defendant brings error. Affirmed.

*George Luton*, for appellant, cited as to joint suits, *Winslow v. Herrick* 9 Mich. 380; *Ballou v. Hill* 23 Mich. 60; *Anderson v. Robinson* 38 Mich. 407; *Detroit v. Houghton* 24 Mich. 459.

*Wm. Wisner Taylor*, for appellee, cited *Munn v. Haynes* 46 Mich. 141; *Taylor v. Dansby* 42 Mich. 82; *Reading v. Beardsley* 41 Mich. 123.

CAMPBELL, J. This suit was originally brought on a justice's judgment upon a cause of action against Jerry Mason and Le Roy Tift. Tift was the only defendant served. The justice, in rendering judgment, seems to have used the word "defendant" instead of "defendants." But inasmuch as

the statute provides what judgment shall be rendered on joint debts where only one party is served, this is a mere clerical misprision, and the judgment, not having been taken up by certiorari or appeal, must stand as a valid judgment for all purposes against the defendant who was served. *Allen v. Mills* 26 Mich. 123 ; *Zimmer v. Davis* 35 Mich. 39.

The present action, being assumpsit on that judgment, was brought, at first against both parties, but discontinued as to Mason, and carried to judgment against Tift. Objection was made to the transcript of the earlier judgment, because it was made by another justice, and because it was claimed to be defectively proved. This objection is not well taken. It was certified by a justice, who showed by his certificate that the docket was in his possession. And we must presume that the William H. Hicks who was shown to be a justice, is the person who, as such, certified the transcript. *Facey v. Fuller* 13 Mich. 527.

We think there was no error in allowing judgment in the present case against Tift alone. The old judgment, although joint in form, was in no legal sense a joint obligation binding both alike. It bound Tift, but it did not conclusively bind Mason. It did not merge the debt on which it was founded, so as to preclude its being sued over against both. *Bonesteel v. Todd* 9 Mich. 371. It was never binding on Mason personally. Id. ; *Goebel v. Stevenson* 35 Mich. 185 ; How. Stat. § 6943. Any proceeding against Mason, in order to bind him, would have to be on the original obligation, whether nominally on the judgment or not. *Oakley v. Aspinwall* 4 N. Y. 514. It was proper, therefore, to treat this judgment, in an action of assumpsit on it, as Tift's individual liability, on which he alone was personally liable, and the discontinuance against Mason was proper and worked no harm to any one.

The judgment must be affirmed.

CHAMPLIN and SHERWOOD, JJ. concurred. COOLEY, C. J. did not sit.