## MONROE *v.* CARTER.

1. QUIETING TITLE — EXECUTION LEVY — ESTATE BY THE ENTIRETIES — STATUTES.

A bill to quiet title may be maintained, under Act No. 256, Pub. Acts 1909, to set aside an execution levy upon land of husband and wife owned by the entireties, where the execution issued upon a judgment against the husband.

2. SAME.

> Nor is the bill dumurrable because the notice of levy was filed by the sheriff in the regular course of his effort to collect the judgment, not by defendant.

Appeal from Newaygo; Palmer, J. Submitted April 12, 1911. (Docket No. 88.) Decided November 3, 1911.

Bill by Katherine Monroe, Charles Roe, and Phoebe Roe against William E. Carter to quiet title to certain lands. From an order overruling a demurrer to the bill of complaint, defendant appeals. Affirmed.

*Anderson & Branstrom*, for complainants.

*E. L. Brooks*, for defendant.

BLAIR, J. This is an appeal from an order overruling a demurrer. The bill of complaint sets out, in substance, that on the 7th day of May, 1910, complainants Roe, being seised as husband and wife of an estate by the entireties in certain lands, conveyed the same to complainant Monroe by warranty deed; that on April 15, 1910, the defendant Carter having theretofore obtained a judgment against complainant Charles A. Roe, "a writ of *fieri facias* was issued out of the said circuit court for the county of Newaygo in pursuance of the aforesaid judgment, and directed and delivered to the sheriff of the said county of Newaygo, who, by virtue thereof, did on the 15th day of April, A. D. 1910, make a levy upon all the estate, right, title, and interest of the said Charles Roe in and to the property described heretofore in paragraph 1 of this bill of complaint; that on the 20th day of April, A. D. 1910, the said levy was received for record by the register of deeds for the said county of Newaygo, and recorded in liber 1 of Levies on page 411;" that because of the character of the estate of said Charles A. Roe in said lands said levy was null and void.

"Your complainants further represent that, because of the reasons aforesaid, the said levy made and recorded as

aforesaid upon the land as aforesaid is a cloud upon the title of your complainant Katherine Monroe in said premises, and that it tends to greatly depreciate the value thereof, and ought, therefore, to be set aside and declared null and void."

The demurrer is as follows:

"(1) That there is no equity in the face of said bill.

"(2) That there is sufficient remedy at law.

"(3) That a notice of levy is not a cloud upon the title within the meaning of the statute providing for the removal of clouds from titles.

"(4) That the notice of levy was not filed by William E. Carter, the defendant, but was filed by David Moote, sheriff of the county, as a notice only, and that hence William E. Carter is not a proper defendant in this case.

"(5) That the notice of levy filed and recorded is only a notice of levy upon all the estate, right, title, and interest of the said Charles Roe in and to the real estate therein mentioned, and amounts to nothing if the said Charles Roe has no interest, right, or title, and was made in the regular process of collecting upon the execution, and, if set aside or attacked, must be set aside and attacked in the court from which the same originated.

"(6) That the levy is nothing but a naked pretense of title and therefore there is no reason for applying to a court of equity to get rid of it on the ground of any apprehended injury from it."

Section 9224, 3 Comp. Laws, relative to levies of executions on real estate, provides that—

"Such levy shall be a lien thereon from the time when such notice shall be so deposited [in the office of the register of deeds]."

*First Nat. Bank of Durand* v. *Phillpotts*, 155 Mich. 331 (119 N. W. 1). Act No. 256, Pub. Acts 1909, authorizes "any person claiming the legal or equitable title to lands * * * whether in possession or not" to institute a suit in chancery to clear his title, "against any other person not in possession, setting up a claim of title thereto in opposition to the title claimed by the complainant or who is named as grantee in any deed or mortgage to said

lands of record in the county in which the lands be, or any other instrument or paper purporting to convey said lands or to claim a lien upon said lands either by way of mortgage or otherwise."

Although it may not be technically accurate to say that the defendant "is named as grantee" in any other instrument or paper purporting to claim a lien upon said lands, we think he falls within the spirit and intent of the provisions, and that it was the intention of the legislature to subject such liens to the remedy provided for.

This disposes of all of the reasons for demurrer except the fourth, and we think that assignment has no merit. The execution levy and the lien obtained by filing the notice of levy were for the benefit of the defendant, and he was not only a proper, but a necessary, party.

The order is affirmed, with leave to defendant to answer in accordance with the rules and practice of the court.

OSTRANDER, C. J., and BIRD, McALVAY, and STONE, JJ., concurred.