LACHELT *v.* McINERNEY.

1. EQUITY—BILL TO QUIET TITLE—REMEDY AT LAW—POSSESSION—EJECTMENT.

As against parties in possession of real property under a claim of title, a bill to quiet title will not lie: the remedy is at law.

2. EXECUTION — SALE — PREVIOUS DEED — RECORD AND RECORDING LAWS—DEEDS—NOTICE OF LEVY.

3 Comp. Laws, § 9224 (4 How. Stat. [2d Ed.] § 11386), providing that no levy of execution shall take effect until the notice of levy is filed and that such levy shall be a lien from the date of filing and have priority over prior mortgagees and grantees, of which the execution creditor did not have actual or constructive notice, confers a prior right upon the execution creditor who has filed his notice of levy before the registration of a previous deed, which was unrecorded at the time of the levy and sale, unless the complainant had actual or constructive knowledge of the existence of the deed or the rights of the grantee.

3. SAME — DEEDS — PRECEDENCE — PRESUMPTION—NOTICE—KNOWL-EDGE.

A conversation between the debtor and the execution credi-

tor, as claimed by the latter, in which he informed the creditor that he had transferred his property to others, but which the evidence tended to show occurred after the levy, was not such actual notice as to subject complainant's rights to the claim of the debtor's wife under an unrecorded transfer or conveyance.

Appeal from Wayne; Mandell, J. Submitted April 27, 1914. (Docket No. 148.) Decided April 6, 1915.

Bill by William Lachelt against John F. McInerney and others to quiet title to certain real property. From a decree for defendants, complainant appeals. Reversed in part.

*Jay Fuller*, for complainant.

*Cornelius & Ring*, for defendants Pinson.

*John Boughton*, for defendants McInerney.

BIRD, J. Complainant recovered a judgment in justice's court against one George Carnaski. On appeal he was again successful, being awarded a judgment for $41.50 damages, and costs taxed at $43.20. Judgment was rendered against both Carnaski and his surety, John F. McInerney, one of the defendants herein. On May 9, 1910, an execution issued against them, which was returned unsatisfied. On November 21, 1910, an alias execution was issued and levied upon certain lots, numbered 122, 123, 124, and 125, in Callaghan's subdivision of part of lot 2 of the shipyard tract in the city of Detroit. The record title of these lots stood in John F. McInerney. They were later sold on execution and were purchased by the complainant, the sheriff's deed therefor being recorded on April 25, 1912. On June 29, 1911, defendant McInerney placed of record a quitclaim deed of lots 124 and 125 to his wife, Florence McInerney, and on March 25, 1913, a warranty deed conveying lots 122 and 123 to defendants Pinson was duly recorded.

In April, 1913, defendants Pinson started to erect a dwelling thereon. While the work was progressing, this suit was commenced by complainant to enjoin the erection of the same, and for the further purpose of quieting the title to the lots in complainant. It was the claim of defendants that the conveyances to the Pinsons and McInerney's wife were made in June, 1906, and that, while not placed of record until after notice of levy had been filed, the complainant had notice brought home to him before the said levy was made that McInerney was not the owner of them. The chancellor was impressed with this view of the proofs, and accordingly denied the relief prayed for and dismissed the bill.

On behalf of the defendants Pinson, the point is made that this bill to quiet title could not be maintained because they were in actual possession of and claiming title to the premises. This point appears to be well taken. They had erected a dwelling thereon, and it was nearly completed when these proceedings were instituted.

Lots 124 and 125 quitclaimed by defendant to his wife upon an expressed consideration of one dollar were vacant and unoccupied property. As to these lots it is made certain by the records that notice of complainant's execution and levy preceded the recording of the deed. This being so, the rights acquired by the purchaser under the execution levy and sale were superior to the rights of the grantees mentioned in the unrecorded deed, even if the deed was actually executed and delivered in 1906 as claimed by them, if it can be said that the complainant had no actual notice of such transfer. Section 9224, 3 Comp. Laws (4 How. Stat. [2d Ed.] § 11386). This section provides:

"That no levy by execution on real estate, made after this act shall take effect, shall be valid against *bona fide* conveyances made subsequent to such levy,

until a notice thereof, containing the names of the parties to the execution, a description of the premises levied upon, and the date of such levy, shall be filed by the officer making the same, in the office of the register of deeds of the county where the premises are situated, and such levy shall be a lien thereon from the time when such notice shall be so deposited; and the lien thus obtained, shall, from the filing of such notice, be valid against all prior grantees and [mortgagees] mortgages of whose claims the party interested shall not have actual nor constructive notice." *First National Bank* v. *Phillpotts*, 155 Mich. 331 (119 N. W. 1); *Monroe* v. *Carter*, 167 Mich. 325 (132 N. W. 1023); *Savidge* v. *Seager*, 175 Mich. 47 (140 N. W. 951); *Johnson* v. *Cook*, 179 Mich. 117 (146 N. W. 343).

The question then gets round to this, whether complainant had notice that McInerney had transferred the title to his wife prior to the filing of the notice of levy in the office of the register of deeds. The testimony which is relied upon to show that complainant had notice is a certain conversation which defendant McInerney testifies that he had with the complainant with reference to the title to the lots. In that conversation he informed the complainant, in substance, that he was no longer the owner of the lots; that he had transferred them to others. The complainant, after showing that his notice of levy was first recorded, starts out with the presumption that his rights are superior to those of the defendants (*Godfroy* v. *Disbrow*, Walk. Ch. 260), and we are unable to find from the record that this presumption has been overcome. The conversation detailed by McInerney is of no persuasive force because it appears from his own testimony that it occurred after the notice of levy was filed. We are of the opinion that under the record that part of the decree dismissing the bill as to defendants Pinson should be affirmed.

That part of the decree dismissing the bill as to

defendants McInerney will be reversed, and the title to lots 124 and 125 will be quieted in complainant as against the claims of defendants McInerney. The complainant will recover costs of both courts against defendants McInerney. Defendants Pinson will recover costs of both courts against complainant.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.