WERNIK *v.* KOLODZIEJCZAK.

1. JUSTICES OF THE PEACE—CLERICAL ERROR IN ENTERING JUDGMENT ON DOCKET NOT FATAL.

Where husband and wife were defendants in an action before a justice of the peace, and both were personally served, entry of judgment for "defendant," due to omission of the justice to add the letter "s" to the word "defendant" printed in the docket did not render the judgment void; the error being merely a clerical one.

¹Justices of the Peace, 35 C. J. § 282.

2. EXECUTION—EXECUTION SALE NOT VOID AS TO INNOCENT PUR-
CHASER BECAUSE OF SHERIFF'S OMISSION TO POST NOTICE OF SALE.
Under 3 Comp. Laws 1915, § 12905, omission of the sheriff
to post notice of execution sale, as required by section
12900, does not render void the sale to an innocent pur-
chaser.

3. SAME—BILL IN AID OF EXECUTION NOT NECESSARY WHERE JUDG-
MENT DEBTORS SOLD AFTER NOTICE OF LEVY RECORDED.
Where judgment debtors conveyed land 25 days after levy
thereon and after notice thereof had been recorded in the
office of the register of deeds, it was not necessary for the
judgment creditor to file a bill in aid of execution before
proceeding with execution sale, since, under 3 Comp Laws
1915, § 12897, the levy is given the same priority accorded
to a conveyance duly recorded, and the purchaser at the
execution sale took all the interest the debtors had at
the time of the levy.

4. SAME—INADEQUACY OF PRICE.
Where property appraised at $4,900 was bid in at execu-
tion sale for $448.47, the amount of the judgment with
interest and costs of sale, and in addition thereto mort-
gage indebtedness and homestead exemption totaling $3,000
was assumed, there is no merit in the contention that
inadequacy of price rendered the sale void, although within
three months the property sold for $5,100.

5. HOMESTEADS—LEVY SUBJECT TO HOMESTEAD RIGHTS.
Purchasers of property from the judgment debtors after
levy thereon secured all of their grantors' interest, which
included homestead exemption, to which the levy was
subject.

Cross-appeals from Wayne; Warner (Glenn E.), J.,
presiding. Submitted June 7, 1927. (Docket No.
23.) Decided October 3, 1927.

Bill by Wladyslaw Wernik and another against
Michael Kolodziejczak, Wicenty Kaluzny and others to
set aside an execution levy and sale. From the decree
rendered, plaintiffs and defendants Kolodziejczak and
Kaluzny appeal. Modified and affirmed.

²Justices of the Peace, 35 C. J. § 363; ³Id., 35 C. J. §§ 355,
363 (Anno); ⁴Executions, 23 C. J. §§ 668, 669; ⁵Homesteads, 29
C. J. § 325.

*William W. Macpherson* (*Joseph B. Beckenstein,* of counsel), for plaintiffs.

*Harry J. Lippman* (*Ernest W. Ver Wiebe,* of counsel), for defendant Kolodziejczak.

*Frank Kubek,* for defendant Kaluzny.

SHARPE, C. J.   On May 12, 1919, the defendant Kolodziejczak brought suit before a justice of the peace in the city of Detroit against the defendants Martin Malak and Veronica Malak to recover on a promissory note executed by them in the sum of $360.   The docket reads:  "Defendant pleads notice of fraud and duress," and that on June 21, 1919, the justice—

"thereupon rendered judgment in favor of plaintiff and against defendant for $360.00 (three hundred sixty dollars damages) and one and 75-100 dollars costs."

A new trial was thereafter granted, resulting in a judgment on July 7, 1919, similarly worded, for $379.50 damages and $2.50 costs.   An execution issued thereon was returned unsatisfied, whereupon a transcript was taken to the circuit court and an execution issued therefrom, under which a levy was made on a two-family flat owned by the Malaks by the entireties.   Sale thereunder was had on February 21, 1920, to the defendant Kolodziejczak for $448.47, the amount of the judgment, with interest and expense of sale.   No redemption having been made, the sheriff's deed was delivered on May 17, 1921, and the same was recorded on May 20, 1921.

On November 10, 1919, 25 days after the levy, the Malaks conveyed the property to the defendant Acichocki, and on the same day he conveyed it to the defendant Rosie Malak, a daughter of Martin and Veronica.   On August 24, 1920, Rosie sold the property to the plaintiffs under a land contract for the sum of $6,000, of which $2,000 was paid in cash, and on

which several small payments were thereafter made. They entered into possession. On August 28, 1920, Rosie conveyed the property by warranty deed to the defendants Kaluzny, husband and wife, and assigned to them her interest in the contract with plaintiffs.

After obtaining his deed from the sheriff, Kolodziejczak began proceedings against the plaintiffs before a circuit court commissioner to obtain possession, and obtained a writ of restitution therefor. Thereupon plaintiffs signed a written memorandum, indorsed on such writ, acknowledging service of the same upon them and that possession had been surrendered to Kolodziejczak, and stating that "we do hereby attorn to him as such owner" and agreed to pay him rent for occupation of the premises. They remained in possession for about two weeks.

On September 12, 1921, Kolodziejczak sold the premises under land contract for the sum of $5,150, with a down payment of $700, and the vendees or their assignees are now in possession. The defendant bank is the holder of a mortgage on the premises in the sum of $1,500, executed by Martin and Veronica Malak on July 19, 1919.

On December 14, 1923, the plaintiffs filed the bill of complaint herein. They seek to have the judgment and the sale and sheriff's deed, heretofore referred to, decreed to be null and void, and for other relief. The trial court found that the judgment and sale made thereunder were valid and passed title to Kolodziejczak. He also found that at the time of the levy and sale the Malaks had a homestead right in the property which had passed to plaintiffs and that the title of Kolodziejczak was subject thereto. The plaintiffs and defendants Kolodziejczak and Kaluzny appeal.

1. The Judgment. The action before the justice was brought to recover on a promissory note signed by both defendants Malak. From the docket it ap-

pears that the "*defendant*" pleaded and that judgment was rendered against the "defendant." It is urged that the judgment was not entered against both defendants, and that it cannot be determined against which one of the parties sued it was rendered. The use of the word defendant, instead of the plural thereof, is easily accounted for. It is apparent that the page of the docket was partly printed, and that the justice simply omitted adding the letter "s" to the word defendant where it appeared in the printed form. Both defendants were personally served. The error was clerical, and furnishes no sufficient ground for invalidating the judgment. *Zimmer* v. *Davis*, 35 Mich. 39; *Wilcox* v. *Railroad Co.*, 45 Mich. 280; *Holcomb* v. *Tift*, 54 Mich. 647.

2. The Sale. It is claimed that the sale was void because notice thereof was not posted, as required by the statute. 3 Comp. Laws 1915, § 12900. Section 12905, however, provides:

"The omission of any officer to give the notice of sale required in this chapter, or the taking down or defacing any such notice when put up, shall not affect the validity of any sale made to a purchaser in good faith, without notice of such omission, taking down or defacing."

In disposing of such a claim in *Cook* v. *Knowles*, 38 Mich. 316, 322, it was said:

"It is a sufficient answer to say that the want of notice would not in this State invalidate the title. The sheriff may be liable, but the innocent purchaser cannot be prejudiced. The certificate of sale and deed are his evidence of title."

See section 12903 and *Grand Rapids National Bank* v. *Kritzer*, 116 Mich. 688.

The distinction between a sale thus made and one on foreclosure of a mortgage by advertisement is apparent. In the latter the notice is given by the mort-

gagee and not by an officer of the court under bond for the proper discharge of the duties of his office. It may also be observed that personal notice of such sale was sent by mail to the Malaks by the attorney for Kolodziejczak, and an adjustment of the matter was urged upon them.

3. Bill in Aid of Execution.    It is urged that, as the Malaks had parted with their title before sale, a bill in aid of execution should have been filed before sale, under section 12897, 3 Comp. Laws 1915.    It appears that a notice of the levy was duly filed in the office of the register of deeds.    Under this statute the purchaser acquired—

"all the rights and interests that the debtor had in and to the lands so sold at the time of the levy by virtue of the execution."

The sale by the Malaks to Acichocki was made 25 days after the levy.    The effect of the above statute is "to give a levy under an execution the same priority accorded to a conveyance duly recorded."    *First Nat. Bank of Durand* v. *Phillpotts*, 155 Mich. 331, 336.    See, also, *Lachelt* v. *McInerney*, 185 Mich. 413. The title was in the Malaks at the time of the levy, and the sale of the interest then held by them was properly made.

4. Inadequacy of Purchase Price.    After levy, and before sale, the property was appraised by persons selected by the sheriff at the sum of $4,900.    It was bid in by Kolodziejczak for $448.47, the amount of the judgment and interest and expense of sale.    Within three months thereafter it was sold for $5,100.    It is urged that the inadequacy of the purchase price rendered the sale void.    Counsel for Kolodziejczak meets this claim by saying that the cost to him was, in addition to the sum paid the sheriff, $1,500 for the mortgage placed on the property by the Malaks and $1,500 for homestead exemption, in all $3,448.47.    We

find no merit in this contention.    23 C. J. pp. 676, 677.

5. Homestead Exemption.    The defendant Kolodziejczak appeals from the provision in the decree awarding plaintiffs the $1,500 homestead exemption which it is conceded the Malaks had in the property. The levy was subject to the homestead exemption, and defendant Kolodziejczak concedes that it was considered by him as a part of the purchase price.    The plaintiffs purchased after the levy, and thereby secured all the interest which the Malaks had at that time in the property.    This interest included the exemption.    The Malaks, though parties, are making no claim thereto.    We see no reason to interfere with the decree awarding this sum to plaintiffs.    Their counsel ask that it may be made a lien on Kolodziejczak's interest in the property.    The trial court would doubtless have so provided had his attention been called to it.    The decree may be modified by one in this court to so provide.

Other questions presented by counsel have been considered, but do not seem to merit discussion.    The claims of the other appealing defendants are disposed of by what has been already said.

The decree as modified will be affirmed.    As both parties appeal, no costs will be allowed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.