213 P.2d 906

**TERRY et al. v. TERRY et al.**

No. 7527.

Supreme Court of Idaho.

Jan. 11, 1950.

Lawrence B. Quinn, Twin Falls, Beckwith & Langley, Twin Falls, for appellants.

164

Bissell & Bird, Gooding, for respondents.

PORTER, Justice.

Following the usage in the briefs, appellant, Lila A. Terry, will be herein referred to as plaintiff, and respondent, Alfred M. Terry, will be referred to as defendant. Prior to 1929, plaintiff and defendant were wife and husband. During coverture they acquired 77 acres of land in Gooding County. In 1929, they were divorced. The decree of divorce awarded an undivided one-half interest in such land to each of the parties. Thereafter, they re-married. In 1936, they were again divorced. Again, the decree of divorce awarded an undivid-

ed one-half interest in such land to each of the parties.

It is immaterial in this case whether the rights of the parties are founded upon the first decree of divorce or the second decree of divorce. The material fact is conceded that after the second decree of divorce, they were tenants in common of the land in question.

After the second decree of divorce, neither plaintiff nor defendant lived upon the land. The land was rented to one Dick Pope as tenant. There was a mortgage on the land in favor of the Federal Land Bank of Spokane. The tenant was directed to turn over the rent to an agent of the bank who was to pay the interest on the mortgage and the taxes, and to divide the balance between plaintiff and defendant. Plaintiff made her home in Oregon and in Twin Falls. Defendant went to live in the north part of the state.

As additional general facts, in finding of fact No. 4, the trial court found: "that for the year 1938 and thereafter, any portions of said rentals not required for the purpose of the payment of taxes and mortgage installments were, under the direction of the defendant paid entirely to the plaintiff; that for and after the year 1940 the tenant on said land, under the order of the defendant, paid all of the rent to the plaintiff, to be by her applied in the same manner; and that during the years the ranch was so rented neither the plaintiff nor the defendant lived on the land, but they each visited the property once a year or more from and after 1936, to and including the year 1947; and that after 1938 authority to renew leases on the ranch was left entirely with the plaintiff, under an oral agreement between the plaintiff and defendant, under the terms of which the plaintiff was to lease the property, collect the rents and pay all indebtedness against or accruing against the ranch."

It appears from the record that at the time of the second divorce, plaintiff borrowed $100 from the Wendell bank and defendant borrowed $75 from the Twin Falls Bank & Trust Company to meet the expenses of the divorce. The trial court found that it was agreed between plaintiff and defendant that these expenses should be paid out of the rentals received by plaintiff. Plaintiff paid her indebtedness to the Wendell bank, but did not pay the indebtedness to the Twin Falls Bank & Trust Company.

The Twin Falls Bank & Trust Company prosecuted its claim to judgment and levied upon the undivided one-half interest of defendant in the land in question. On August 4, 1939, defendant's interest in the land was allegedly sold at sheriff's sale to satisfy the judgment of the bank for the sum of $170.99; and a sheriff's certificate of sale executed to the bank as purchaser.

It thereafter came to the attention of defendant that plaintiff had not paid the Twin Falls bank. Plaintiff and defendant met in Twin Falls where plaintiff agreed to

forthwith pay the indebtedness to the bank. Whereupon, on January 2, 1940, plaintiff paid the bank but instead of redeeming the property, took an assignment of the sheriff's certificate of sale in her own name. On September 26, 1940, the sheriff's deed was issued to plaintiff as assignee of the sheriff's certificate of sale.

Plaintiff continued to manage the land, to rent the same and to receive the rentals therefrom. On March 10, 1947, plaintiff sold the whole of said land to appellants, Smith, on contract for the sum of $15,-500.00. The agreement of sale, abstracts and other papers were deposited with the respondent First Security Bank under an escrow agreement. Defendant, learning of such sale, notified the escrow holder on July 1, 1947, not to disburse any additional part of the escrow payments and that he was the owner of an undivided one-half interest in the land. The entire purchase price was paid to the escrow holder and so much thereof as had not been disbursed was thereafter held by the bank.

On February 2, 1948, appellants brought this action to quiet title to all the land in question and the proceeds thereof. By the complaint, it was alleged generally that Lila A. Terry acquired the undivided one-half interest of Alfred M. Terry in the land, first, by virtue of the sheriff's deed, and, second, by adverse possession.

Defendant, Alfred M. Terry, filed answer to the complaint consisting in substance of a general denial. He also filed a cross-complaint containing four purported causes of action. Summarized, they allege: (1) That the purchase of the sheriff's certificate of sale by plaintiff was made out of funds in the hands of plaintiff belonging to defendant and that she acquired such certificate of sale and sheriff's deed as equitable trustee for defendant; (2) that the real estate in question was not offered for sale or sold by the sheriff of Gooding County at the time and place advertised in the notice of sale or at all, and that such alleged sale was therefore void; (3) that defendant ratifies the sale to appellants, Smith, upon payment to him of an undivided one-half interest of the net proceeds of the sale; and (4) that plaintiff, during the year of redemption, collected sufficient rentals to pay the debt and redeem the property.

Appellants filed an answer to such cross-complaint consisting of a general denial and pleading the statutes of limitation and laches. Respondent, First Security Bank, deposited the escrow papers and funds in its hands with the clerk of the court and prayed that it be allowed its reasonable expenses including attorney's fees.

A trial was duly had to the court sitting without a jury. The court by its findings of fact and conclusions of law, found that the sheriff did not offer for sale or sell the land at the time and place named in the notice of sale, and that the certificate of sale and deed issued thereon were void; that appellants had not acquired title to

the premises by adverse possession; that defendant, Terry, was entitled to judgment as prayed in his cross-complaint; and that respondent, bank, was entitled to judgment against plaintiff for its expenses including attorney's fees. Judgment was entered accordingly; and from such judgment, appellants have appealed to this court.

By their assignments of error, appellants contend that the trial court erred in holding that the sheriff's deed was void, upon the grounds, (1) that the deed cannot be attacked collaterally; (2) that the attack upon the deed is barred by the statutes of limitation; and (3) that such attack is barred by laches.

 It must be conceded that the judgment, the writ of execution, the sheriff's certificate of sale and the sheriff's deed constituted prima facie evidence of title in plaintiff; and constituted prima facie evidence that the sale of the land was regularly held. Section 31-2204, I.C.; Jorgensen v. McAllister, 34 Idaho 182, 202 P. 1059; McCall v. First Nat. Bank of Pacatello, 47 Idaho 519, 277 P. 562. However, a sheriff's certificate of sale and a sheriff's deed constitute only prima facie evidence of the recitals contained therein, and where it appears from positive extrinsic evidence that the land was not actually offered for sale or sold at the time and place stated in the notice of sale and as recited in the deed, then such sale is void and the deed ineffective. Section 11-302, I.C., and Section 11-304, I.C.; Jorgensen v. McAllister, supra; American Fruit Growers, Inc., v. Walmstad, 44 Idaho 786, 260 P. 168; Idaho Gold Dredging Corp. v. Boise Payette Lbr. Co., 62 Idaho 683, 115 P.2d 401; 33 C.J.S., Executions, § 281, page 565, and § 282, page 566.

 Appellants complain that the introduction of the testimony of witnesses to prove that the sale did not take place as advertised, constituted a collateral attack. Appellants specifically pleaded their reliance upon the sheriff's deed as the basis of their title. They thereby put directly in issue their claim of title under the deed and they were required to make proof in order to entitle them to a decree. Jorgensen v. McAllister, supra. Their proof of the judgment, writ of execution, certificate of sale and sheriff's deed made a prima facie case. Respondents were entitled to offer proof in contradiction.

 Appellants contend that such proof was barred by the statutes of limitation. The pleading by defendant in his so-called second cause of action in his cross-complaint constituted only an affirmative defense. This fact was specifically recognized and emphasized by counsel for appellants. (ff. 6 and 7.) The statutes of limitation have no application to purely affirmative defenses. Frank v. Davis, 34 Idaho 678, 203 P. 287; Morton v. Whitson, 45 Idaho 28, 260 P. 426; Zimmerman v. Dahlberg, 46 Idaho 583, 269 P. 991. The fact that the cross-complaint also contained allegations on which affirmative relief was

sought, is a matter of no consequence in so far as this question is concerned. Zimmerman v. Dahlberg, supra.

■ Appellants also insist that such defense was barred by laches. We have recited the facts showing the background of this action. In addition, the record discloses that plaintiff did not record her assignment until she took deed; that defendant did not know that plaintiff had taken a sheriff's deed; that plaintiff did not advise defendant of such fact; that she made no change in her condition or in the handling of the land; that she continued to lease to the same tenant for several years; that she sought defendant's advice about changing tenants and rentals in 1943; and that her actions tended towards concealment. The facts in this case are not such as to invoke the doctrine of laches.

■ Appellants urge that the court erred in finding that the appellants had not acquired title by adverse possession. In Vaughan v. Hollingsworth, 35 Idaho 722 at page 731, 208 P. 838, 841, this court quoted with approval from Elder v. Mc-Claskey, 6 Cir., 70 F. 529, 17 C.C.A. 251, as follows: "Before adverse possession by one tenant in common against another can begin, the one in possession must, by acts of the most open and notorious character, clearly show to the world, and to all having occasion to observe the condition and occupancy of the property, that his possession is intended to exclude, and does exclude, the rights of his cotenant. It is not necessary for him to give actual notice of this ouster or disseising of his cotenant, to him. He must in the language of the authorities, 'bring it home' to his cotenant. But he may do this by conduct, the implication of which cannot escape the notice of the world about him, or of anyone, though not a resident in the neighborhood, who has an interest in the property, and exercises that degree of attention in respect to what is his that the law presumes in every owner." See also Vaughan v. Hollingsworth, supra; Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585; West v. Evans, 29 Cal.2d 414, 175 P.2d 219.

■ The recordation of the sheriff's deed was not, as a matter of law and independent of any other fact, constructive notice to defendant of the adverse character of plaintiff's possession. West v. Evans, supra.

■ The court found that plaintiff took no more actual possession of the farm after the recording of the sheriff's deed, than she had theretofore; that she continued to lease the farm without informing the tenant that defendant was no longer interested in the farm; that by letter, dated August 1, 1940, she advised the Federal Land Bank that she was a one-half owner of the farm; that there was no evidence of her claim of ownership indicated to the neighbors; and that defendant was not made aware of such claim of adverse possession until the sale to the Smiths. The court further found that plaintiff had not

been, since August 4, 1939, or any date subsequent thereto, in the open, adverse, exclusive, notorious and continuous possession, occupancy, use and control of all or any part of defendant's share of such land, or paid on her personal account the taxes levied and assessed against such real estate, but paid same from the farm rentals collected. Such findings of fact by the court are sustained by substantial evidence and, under our uniform rule, will not be by this court disturbed.

Appellants complain that the trial court erred in allowing attorney's fees to the escrow holder. The escrow agreement deposited with the respondent, First Security Bank, provided that the bank should be paid a fee for its services and be reimbursed for all expenses and liabilities incurred in connection with the escrow agreement. As one of the parties defendant, it was compelled to appear in this action and employ an attorney to protect its rights. A reasonable attorney's fee for such services constituted a part of the expenses provided for in the escrow agreement. Ætna Life Ins. Co. v. Bowling Green Gaslight Co., 150 Ky. 732, 150 S.W. 994, 43 L.R.A., N.S., 1128; Haczela v. Krupa, 219 Mass. 261, 106 N.E. 1004; Gifford v. Gifford, 50 Idaho 517, 297 P. 1100.

We have examined the other assignments of error set out in appellants' brief. We do not find merit therein or that they require discussion.

In the brief of respondents appear quotations from the memorandum decision of the trial court. Appellants object to the inclusion of such quotations and ask for a ruling on the propriety of such procedure. This court has repeatedly held that the memorandum decision of the trial court is not properly a part of the record on appeal; should not be included in the transcript; and cannot have controlling weight against the formal findings and decision. Stearns v. Graves, 61 Idaho 232, 99 P.2d 955, and cases cited. On the other hand, this court has considered it not improper in order to call attention to the theory adopted by the trial court, to refer to the memorandum decision. Fleming v. Bithell, 56 Idaho 261, 52 P.2d 1099; Clark v. Union Pac. R. Co., Idaho, 211 P.2d 402.

The objection that the inclusion of the memorandum decision in the transcript would result in greater cost to the losing party is obviated when the memorandum decision or portions thereof are included in a brief. Under our rules, the prevailing party can only recover costs for the printing of not exceeding forty pages in a brief. So long as the memorandum decision or quotation therefrom is material to the argument made, there can be no objection to its presence in a brief.

The judgment of the trial court is affirmed. Costs awarded to respondents.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.