595 P.2d 1093

**W. W. NIXON, a partner, dba Nixon, Nixon, Lyons & Bell, Plaintiff,**

v.

**Darrell A. TRIBER and Marjorie J. Triber, husband and wife, Defendants-Respondents.**

**Darrell A. TRIBER and Marjorie J. Triber, husband and wife, Plaintiffs-Respondents,**

v.

**Howard BLACK and Loralee Black, husband and wife, Defendants-Appellants,**

and

**Thor Fladwed, Sheriff of Kootenai County, State of Idaho, Defendant-Respondent.**

No. 12422.

Supreme Court of Idaho.

June 5, 1979.

McFADDEN, Justice.

Purchasers of real property at an execution sale appeal from a district court order vacating the sale because notice of the sale failed to comply with I.C. § 11–302(3). We hold that the district court erred in setting aside the execution sale because I.C. § 11–303 provides the exclusive remedy for failure to comply with the notice provisions of I.C. § 11–302. Accordingly, we reverse and remand.

The facts in this consolidated appeal are uncontroverted. A judgment for $1,674.65 was entered against respondents Darrell A. and Marjorie J. Triber in the case of Nixon v. Triber (district court no. 33521). On the basis of that judgment, a writ of execution was issued instructing respondent Thor Fladwed, Sheriff of Kootenai County, to levy execution on certain real property belonging to the Tribers. Respondent Fladwed issued a notice of levy and advertised the execution sale in the Coeur d'Alene Press. However, all parties agree that respondent Fladwed failed to post notices of the sale in the precinct or city where the property is located, as required by I.C. § 11–302(3).[1]

The execution sale was held on December 17, 1975, at which time appellants, Howard and Loralee Black, purchased the property in question for $1,800.00. Six months later respondent Fladwed issued his sheriff's deed to the Blacks since no redemption had been made.

Thereafter, respondents Triber moved the district court for an order declaring the execution sale null and void because of respondent Fladwed's failure to comply with the notice requirements of I.C. § 11–302(3). The district court held that the notice requirements of I.C. § 11–302 are mandatory

Thomas A. Mitchell, Coeur d'Alene, for defendants-appellants.

Sidney E. Smith, Nathan D. Hult, Chief Deputy Pros. Atty., Coeur d'Alene, for defendants-respondents.

1. I.C. § 11–302 provides in relevant part:
    Sale of property—Notice.—Before the sale of the property on execution, notice thereof must be given as follows:

    . 3. In case of real property, by posting a similar notice particularly describing the property, for twenty (20) days, in three (3) public places in the precinct or city where the property is situated, and also where the property is to be sold, and by publishing a copy thereof once a week for the same period before the time set for the sale, in a newspaper published in the county, if there be one. When the judgment under which the property is to be sold is made payable in a specified kind of money or currency, the several notices required by this section must state the kind of money or currency in which bids may be made at such sale, which must be the same as that specified in the judgment.

and an order was entered on October 7, 1976, which vacated the execution sale of respondents Tribers' real property. Appellants Howard and Loralee Black, who purchased the Tribers' property at the execution sale, appeal from the October 7th district court order vacating the sale.

The sole question presented on appeal is whether the district court erred in vacating the execution sale because of the sheriff's failure to give notice in accordance with I.C. § 11–302.

Appellants claim that the district court order vacating the execution sale is improper because I.C. § 11–303 provides the exclusive remedy for noncompliance with the notice requirements of I.C. § 11–302. I.C. § 11–303 states:

"Sale without notice—Penalty.—An officer selling without the notice prescribed by the last section forfeits $500 to the aggrieved party, in addition to his actual damages; and a person wilfully taking down or defacing the notice posted, if done before the sale or the satisfaction of the judgment (if the judgment be satisfied before sale) forfeits $500."

Respondents, on the other hand, contend that the district court properly vacated the sale in this instance.

■ The question raised in this appeal is one of first impression in this jurisdiction. I.C. §§ 11–302(3) and 11–303, originally enacted in 1881, were taken directly from § 692(3) and § 693 of California's Code of Civil Procedure. When enacted in Idaho, I.C. § 11–303 was identical with § 693 Ca.C. C.P.1872, and I.C. § 11–302(3) was substantially identical with § 692(3) Ca.C.C.P.1872. A statute which is adopted from another jurisdiction will be presumed to be adopted with the prior construction placed upon it by the courts of such other jurisdiction. *State v. Miles,* 97 Idaho 396, 545 P.2d 484 (1976); *Doggett v. Electronics Corp. of Am.,* 93 Idaho 26, 454 P.2d 63 (1969); *Johnson v. Casper,* 75 Idaho 256, 270 P.2d 1012 (1954); *Services, Inc. v. Neill,* 73 Idaho 330, 252 P.2d 190 (1953).

In 1855 the Supreme Court of California first construed the California statutes from which I.C. §§ 11–302(3) and 11–303 were taken. *Smith v. Randall,* 6 Cal. 47, 65 Am. Dec. 475 (1855). In *Smith* certain real property belonging to the respondent was levied on and sold at an execution sale to satisfy a judgment that had been entered against him. On respondents' motion, the trial court entered an order setting aside the execution sale and the purchaser of the property appealed. On appeal, respondent argued that the trial court's order was proper because the notice of sale failed to comply with Section 221 of the California Practice Act [later codified as § 692 Ca.C.C. P.1872].

In reversing the trial court's order setting aside the execution sale, the California Supreme Court held:

"It has been often decided that the provisions of statutes similar to ours, with respect to levy and notice of sale under execution, are merely directory, and the failure of the officers to comply with the requirements of the law, in this respect, would not vitiate such sale, but the party aggrieved by his neglect is left to his remedy by an action against the officer. 6 Mun. 111, 3 Bibb, 216. This rule is founded in justice and sound policy.

"Very few of those who become purchasers of land at sheriff's sales, have an opportunity of knowing whether or not the law, with respect to notice, has been strictly complied with, or whether the defendants in execution have personal property at the time of the levy, and if every mistake or neglect of duty, on the part of a sheriff, would operate to invalidate such sale, great injury would result, both to debtor and creditor, for no prudent man would give a fair price for property, if he was liable to be divested of his title by reason of the laches of the officer. Is there anything in our statutes in conflict with the view above taken?

"The intention of the Legislature, where it can be ascertained, must govern in the construction of a statute. This intention should not be taken from a par-

ticular section, but from the whole statute. Section 221 of the 'Act to regulate proceedings in civil cases,' provides that the sheriff shall, before a sale of real estate under execution, give notice of the time and place of sale, for twenty days. If the officer neglects to give such notice the following section provides, not that the sale shall be void, but 'an officer selling without the required notice shall forfeit five hundred dollars to the aggrieved party in addition to his actual damages.' Section 222.

"The statute having thus provided an adequate remedy, by an action against the officer, the party aggrieved can have no other *expressio unis exclusio est alterius.*"

*Smith v. Randall, supra* at 6 Cal. 50.

██ Subsequent California cases decided prior to Idaho's adoption of I.C. §§ 11–302 and 11–303 consistently adhered to the opinion expressed in *Smith v. Randall, supra. Simson v. Eckstein,* 22 Cal. 580 (1863); *Shores v. Scott River Water Company,* 17 Cal. 626 (1861); *Harvey v. Fisk,* 9 Cal. 93 (1858). This court must presume that the Idaho legislature was aware of the interpretation of the California statutes by the highest court in California and intended our interpretation to be in accord therewith, absent an expression of legislative intent to the contrary. *Doggett v. Electronics Corp. of Am., supra; Lawrence Warehouse Co. v. Rudio Lumber Co.,* 89 Idaho 389, 405 P.2d 634 (1965); 73 Am.Jur.2d Statutes, § 333; 82 C.J.S. Statutes, § 372.

Despite the remedy against the officer provided by I.C. § 11–303, respondents rely on *Gaskill v. Neal,* 77 Idaho 428, 293 P.2d 957 (1956), *Joy Mfg. Co. v. R.S. McClintock Diamond Drilling Co.,* 77 Idaho 309, 291 P.2d 874 (1955), and *Terry v. Terry,* 70 Idaho 161, 213 P.2d 906 (1950), to support their contention that failure to comply with the notice provisions of I.C. § 11–302 renders an execution sale void and the sheriff's deed ineffective.

██ These three cases present situations that are factually different than the instant case and are therefore distinguishable. In each of these cases, an execution sale was set aside because of irregularities in the conduct of the sale, not because notice of the sale was defective. In *Gaskill v. Neal, supra,* the sale was set aside because two adjoining lots which were used as one parcel were sold separately for "grossly inadequate consideration." In *Joy Mfg. Co. v. R.S. McClintock Diamond Drilling Co., supra,* the sale was set aside because the personal property sold was not available for the bidders to view, as required by I.C. § 11–304. In *Terry v. Terry, supra,* the sale was void because the sheriff did not sell the real property at the time and place named in the notice of sale. None of these cases stand for the proposition that an execution sale is void if notice of the sale is defective. Further, the specific statute which is controlling in the case at bar, I.C. § 11–303, clearly has no operation as to the irregularities complained of in *Gaskill, Joy,* and *Terry, supra.*

██ Accordingly, we hold that I.C. § 11–303 provides the exclusive remedy for failure to comply with the notice provisions of I.C. § 11–302. Our holding is in conformity with decisions from other jurisdictions which have interpreted identical or similar statutes. *See Hill v. Kitchens,* 39 Ga.App. 789, 148 S.E. 754 (Ga.App.1929); *Wernik v. Kolodziejczak,* 240 Mich. 468, 215 N.W. 360 (Mich.1927); *Burton v. Kipp,* 30 Mont. 275, 76 P. 563 (Mont.1904); *Polk v. Holland Texas Hypotheek Bank,* 66 S.W.2d 1112 (Tex.Civ.App.1933); *Hodges v. Commonwealth Bank & Trust Co.,* 44 S.W.2d 400 (Tex.Civ.App.1931).

Judgment reversed and remanded for further proceedings consistent with the views expressed herein. Costs to appellants.

SHEPARD, C. J., DONALDSON, J., and SCOGGIN and SCHROEDER, JJ., pro tem., concur.