## SHORES *et al. v.* SCOTT RIVER WATER COMPANY.

*Smith* v. *Randall,* (6 Cal. 47) that the remedy against a Sheriff for selling property on insufficient notice is confined to the statutory remedy, affirmed.

It is no objection to a sale under a decree of foreclosure, that such sale was made by a Sheriff *de facto* and not *de jure.* The acts of an officer *de facto* are valid as between third persons.

If the first order of sale on a foreclosure decree be not executed, a second order may issue. Such second order might in some cases be ground of objection on the score of costs, but it is not objectionable as affecting the validity of the sale.

APPEAL from the Ninth District.

The facts as found by the Court below are as follows:

On the twelfth of April, 1859, an order of sale or execution was issued in this case to S. P. Fair, then Sheriff of Siskiyou; but it does not appear that the same was levied by Fair, although the water ditch of defendant was advertised for sale under the writ for some time in a newspaper; and this seems to be the only fact tending to show that the writ ever reached the hands of Fair, who at the time was not in the county, and never has been since, having previously absconded. This writ was afterwards found in the Clerk's office, without any indorsement of a return thereon. The Court below says: "Most probably some one acting as his Deputy received the order of sale." Subsequently, on the fourteenth of July, an execution or order of sale was issued to Horsley, successor of Fair by appointment of the Board of Supervisors; and on the eleventh of August, 1859, Horsley, after four weeks' advertisement, sold the

property, but not on the day named in the writ to him.    Plaintiffs became the purchasers.

Defendants, on the fifth of December, 1859, moved the Court to set aside the order of sale issued July 14th, and the sale made thereunder on the eleventh of August, on the grounds: first, that there had been a previous order of sale issued to Fair, returnable in sixty days, which had not been returned at the date of the issuance of the second order; second, that the order of sale was issued without authority of law; third, that Horsley had no right or color of office to execute final process—that duty devolving by law upon the Coroner or an elizor appointed by the Court; fourth, that the notice of sale specified no hour in the day at which the sale would take place.    Motion denied.    Defendants appeal from the order refusing to set aside the sale.

*Crockett & Crittenden,* for Appellants.

1. The order of sale under which the sale was made was irregularly issued, and was void because a prior order had been issued and delivered to the Sheriff, and under it the Sheriff had advertised the property for sale, and the first order had not been returned when the second one was issued.    (*Arnold* v. *Fuller,* 1 Ham. 458; *Compton* v. *Field,* 3 Wend. 382; *Dorland* v. *Dorland,* 5 Cow. 417.)

2. The order of sale was improperly issued, and without authority of law.

3. The person to whom it was issued and who made the sale had no authority to act.    He was not the Sheriff, nor was he in any manner legally appointed to make the sale.

4. The sale was made at a time different from that designated in the advertisement.

5. The plaintiffs in the decree were the purchasers, and took with notice of all irregularities.    (*Reynolds* v. *Harris,* 14 Cal. 667.)

*Colton & Harrison,* for Respondents, cited, on the power to issue the second order of sale, 1 Code R. N. S. 210; Wood's Dig. 559, sec. 30, clause 6; *Douglass* v. *Owens,* 5 Rich. 536; *Compton* v.

*Fields,* 3 Wend. 383 ; *Jackson* v. *Stiles,* 9 Johns, 392 ; *Welch* v. *Sullivan,* 8 Cal. 186 ; and on the question of insufficient notice of the sale, as not affecting its validity, Pr. Act, sec. 222 ; 8 Cal. 186 ; *Smith* v. *Randall,* 6 Id. 50 ; *Harvey* v. *Fish,* 9 Id. 93 ; *Cloud* v. *El Dorado,* 12 Id. 133.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an appeal from an order refusing to set aside a sale made under a judgment of foreclosure. Various objections are urged to the validity of the sale, none of which, we think, are well taken. There is nothing in the point that the sale was made upon insufficient notice. The statute provides an adequate remedy in such cases by an action against the officer ; and in *Smith* v. *Randall* (6 Cal. 47) it was held that this provision was exclusive in its terms, and that the party aggrieved was entitled to no other remedy. The other objections are equally untenable. The Sheriff who made the sale was at least an officer *de facto,* and this was sufficient to give validity to his acts. The law is well settled that, as between other parties, the acts of an officer *de facto* are for all purposes valid and effectual. There was nothing improper or irregular in the issuance of a second order of sale, the first not having been executed. The object was to procure a sale of the property, and we do not see what difference it can make to the defendants how many orders were issued for that purpose. Upon a question of costs there might be some foundation for the objection, but as a ground for setting aside the sale it is entitled to no weight.

Order refusing to set the sale aside affirmed.