[5024.]

## JOHN M. BROWNE, L. C. FRISBIE AND C. ADOLPH LOW v. NICOLA FERREA.

SHERIFF'S SALE OF LAND.—If a sheriff, by virtue of an execution, levies on and advertises for sale several separate tracts of land, he must sell the tracts separately and not in mass.

SETTING ASIDE SHERIFF'S SALE.—If a sheriff, on an execution, sells separate tracts of land in mass, the creditor has his remedy by motion to set aside the sale, even if a stranger becomes the purchaser and pays the money for the property.

APPEAL from the District Court, Seventh Judicial District, County of Solano.

The plaintiff, on the nineteenth day of January, 1875, obtained a judgment against the defendant enforcing a mortgage given on several separate tracts of land. The sheriff advertised them as separate tracts, but sold three of them in mass. The sale took place on the eighteenth day of March, 1875, and Lewis Pierce purchased the three tracts for money. On the thirteenth day of September, 1875, the defendant, Ferrea, filed an affidavit in which, among other

things, he stated that he was an Italian and did not speak English, and had just called on his attorney to see about redeeming one of the parcels, and found for the first time that they were sold in mass. The court made an order requiring the plaintiffs to show cause why the sale should not be set aside, and on the hearing, refused to set aside the sale. The defendant appealed.

*B. S. Brooks and A. D. Splivalo* for the Appellant.

The proper remedy is the one we pursued by motion. (*Boles* v. *Johnson,* 23 Cal. 226; *Bicket* v. *Johnson,* 8 Id. 34; *Bryan* v. *Berry,* 8 Id. 135; *Imsley* v. *Carpentier,* 14 Id. 173.) A sale in mass of several distinct pieces of land should be set aside. (*City and Co. San Francisco* v. *Pixley,* 21 Cal. 59; *Smith* v. *Randall,* 6 Id. 47; *Raun* v. *Reynolds,* 11 Id. 14; *Cunningham* v. *Cassidy,* 17 N. Y. 276.

*Wm. S. Wells and J. E. Abbott,* for the Respondents, argued that a third party, an innocent purchaser at a sheriff's sale, acquired rights which could not be taken away by a summary proceeding like this; and cited *Bryan* v. *Berry,* 8 Cal. 135; *Day et al* v. *Graham,* 1 Gil. R. 435; and *San Francisco* v. *Pixley,* 21 Cal. 59.

By the Court:

Three separate tracts of land were levied on by the sheriff under the execution against the defendant, were advertised as separate tracts, but were sold in a mass as one entire tract. This was an irregularity, to correct which the defendant had his remedy by motion to set aside the sale on notice to the judgment creditor, sheriff, and purchaser at the sale. (Code Civil Procedure, 694.)

To uphold the sale would be to deprive the judgment debtor of his right to redeem any one of the separate parcels.

Order reversed and cause remanded, with direction to grant the motion.

Wallace, C. J., dissenting:

It does not appear that the defendant had either the purpose or the ability to redeem, and it is affirmatively shown, and is found by the court below, that the premises sold for more than they would bring on a re-sale.

I am of opinion that, for a mere irregularity in the proceedings about the sale, productive of no appreciable damage, the proceeding ought not to be disturbed, especially against a third person purchasing at the sale and paying the purchase money in good faith, and in ignorance of the irregularity now complained of.

I therefore dissent from the judgment given here, and am of opinion that the order made below should be affirmed.