[Civ. No. 13474.   Second Dist., Div. Two.   June 2, 1942.]

ARCHIBALD J. HAMILTON, Respondent, v. MARGARET B. CARPENTER et al., Appellants.

Roy A. Linn for Appellants.

Meserve, Mumper & Hughes, Roy L. Herndon and Lewis T. Gardiner for Respondent.

McCOMB, J.—From an order denying defendants' motion to set aside a sale of real property pursuant to a decree foreclosing a deed of trust, defendants appeal.

The essential facts are:

Defendants executed a deed of trust to secure a promissory note payable to plaintiff. This deed of trust was foreclosed as a mortgage pursuant to the requirements of section 725a of the Code of Civil Procedure. (See *Hamilton* v. *Carpenter*, 15 Cal. (2d) 130 [98 P. (2d) 1027].) Thereafter on December 3, 1940, the property described in the deed of trust consisting of two separate parcels of real estate was sold en masse to plaintiff after the commissioner appointed by the court

had called for bids separately on each of the parcels and received none.

Defendants rely for reversal of the order on two propositions which will be stated and answered hereunder *seriatim*.

*First: The sale was invalid because no notice of sale was (a) posted upon the property sold, (b) given either defendant pursuant to the terms of section 692a of the Code of Civil Procedure, or (c) given either defendant in accordance with the provisions of the deed of trust.*

This proposition is untenable for the reason that the law is established in this state that a failure to give proper notice of a judicial sale of real estate does not invalidate the sale or constitute sufficient reason for setting such sale aside. If proper notice is not given, defendants' exclusive remedy is that provided in section 693 of the Code of Civil Procedure, which section is practically identical with section 222 of the California Practice Act, and which was the basis of the decision of our Supreme Court in *Smith* v. *Randall,* 6 Cal. 47, 50 [65 Am. Dec. 475]. (See, also, in support of the foregoing rule *Shores* v. *Scott River Water Co.,* 17 Cal. 626, 628; *Frink* v. *Roe,* 70 Cal. 296, 302 [11 Pac. 820]; *Batini* v. *Ivancich,* 105 Cal. App. 391, 393 [287 Pac. 523].)

*Second: The sale was invalid for the reason that the two separate parcels of land described in the trust deed were sold en masse.*

The foregoing proposition is likewise untenable and is governed by the rule that whenever two or more parcels of land are offered for sale separately in a foreclosure proceedings and no bid is made for either parcel then the property may be offered and sold en masse. (*Connick* v. *Hill,* 127 Cal. 162, 164 [59 Pac. 832].)

*Browne* v. *Ferrea,* 51 Cal. 552, cited by defendants is not in point because in that case the parcels were not offered for sale separately before they were sold en masse.

Defendants' charges that plaintiff's counsel and the commissioner appointed by the court to conduct the foreclosure sale acted in bad faith are wholly without foundation. Plaintiff's counsel in asking the commissioner to use the utmost care in conducting the foreclosure sale was only taking proper steps to protect his client's interest, in view of the fact that defendants had at each stage of the proceedings sought in every legal way to defeat the foreclosure proceedings. For example, after the Supreme Court in *Hamilton* v. *Carpenter, supra,* had affirmed the foreclosure proceedings, defendants

petitioned the United States Supreme Court for a writ of certiorari, which was denied. (*Carpenter* v. *Hamilton*, 311 U. S. 656 [61 S. Ct. 10, 85 L. Ed. 420].) Subsequent thereto defendants applied to the Supreme Court of California for a writ of review of its previous decision, which petition was denied on November 25, 1940. Thereafter defendants filed a petition for a writ of certiorari in the Supreme Court of the United States to review this last order, which was also denied. (*Carpenter* v. *Superior Court*, 312 U. S. 705 [61 S. Ct. 825, 85 L. Ed. 1138].) It is therefore apparent that plaintiff's attorney properly requested the court commissioner to exercise the utmost caution in making the judicial sale which is the subject of the present proceeding.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied June 25, 1942, and appellants' petition for a hearing by the Supreme Court was denied July 29, 1942. Carter, J., voted for a hearing.