Filed 2/26/15  Vega v. Goradia CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LIRIO A. VEGA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>YOGESH N. GORADIA et al.,<br><br>    Defendants and Respondents. | B253579<br><br>(Los Angeles County<br>Super. Ct. No. YC067224) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ramona G. See, Judge.  Affirmed.

Albert Passaretti for Plaintiff and Appellant.

Stanley D. Bowman for Defendants and Respondents.

\* \* \* \* \* \*

Plaintiff Lirio Vega appeals the judgment entered in favor of defendants Yogesh and Ranjan Goradia following a bench trial on plaintiff's claims for wrongful foreclosure and related causes of action.

FACTUAL AND PROCEDURAL BACKGROUND

In 2002, plaintiff purchased from defendants the real property located at 92 Sea Breeze Avenue in Rancho Palos Verdes (the "Property"). She financed the purchase by assuming the two existing loans on the Property in the principal amount of approximately $882,000, giving defendants a promissory note for a new loan of $228,000, and executing an all inclusive, or "wraparound," deed of trust naming defendants as the beneficiaries.

In 2004, defendants commenced a judicial foreclosure proceeding when plaintiff defaulted on her mortgage payments. On June 10, 2010,[1] a judgment for foreclosure and order of sale was entered against plaintiff with respect to the Property. At a sheriff's sale held on or about March 21, 2012, defendants purchased the Property with their credit bid of nearly $1 million.

On June 7, 2012, a judgment of unlawful detainer was entered, awarding possession of the Property to defendants herein.[2]

Plaintiff commenced this lawsuit on June 6, 2012, filing a complaint alleging seven causes of action: wrongful foreclosure based on a defect in notice; wrongful foreclosure, right to redemption, and fraud, all based on improprieties in defendants' credit bid; and abuse of process based on the allegation that defendants filed the unlawful detainer complaint and served her with a Notice to Quit before the sheriff's Deed of Sale was recorded "in order to obtain a collateral advantage." The complaint also sought to

---

[1]     The lapse of six years' time is accounted for by an appeal, reversal and retrial in the foreclosure lawsuit, and the appeal of the judgment entered in the retried case.

[2]     The two-year lapse between the entry of judgment in the foreclosure action, the sale of the Property and the entry of judgment in the unlawful detainer case was the consequence of two bankruptcy petitions filed by plaintiff's husband, each of which resulted in an automatic stay of proceedings.

quiet title in the Property and to enjoin the unlawful detainer lawsuit. Plaintiff prayed for damages of $2.5 million for the abuse of process claim, and the same sum for the wrongful foreclosure claim.

Defendants demurred to the complaint. They cited Code of Civil Procedure section 701.560, subdivision (a) for the proposition that plaintiff's only recourse for improper notice of sale is a monetary claim against the levying officer. They also noted that plaintiff did not allege tender of the amounts owed, an essential element of a cause of action for wrongful foreclosure; that the discrepancy between the $999,154.01 which plaintiff claimed was the maximum credit bid and defendants' actual credit bid of $999,822.27 was de minimus; that judicially noticeable facts established that plaintiff was not entitled to the credit against the judgment which she claimed; and that plaintiff had no right of redemption because Civil Code section 2903 specifies that the right is extinguished by the foreclosure sale, and plaintiff had no statutory right of redemption under Code of Civil Procedure section 729.010 because defendants did not seek a deficiency judgment. Finally, defendants argued that the filing of the unlawful detainer action and service of the Notice to Quit could not be the basis for an abuse of process claim, as that claim concerns the misuse of the tools the law affords litigants once they are in a lawsuit. "Merely obtaining or seeking process is not enough; there must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve. [Citations.] The gist of the tort is the improper use of the process *after it is issued*." (*Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 530-531.)

The court sustained without leave to amend the causes of action for wrongful foreclosure based on defects in the notice of sale, right of redemption, and injunctive relief; sustained with leave to amend the abuse of process and quiet title claims; and overruled the claims for fraud and wrongful foreclosure based on credit bid improprieties.

Plaintiff filed a first amended complaint, the operative complaint herein. Defendants again demurred, and moved to strike portions of the first amended complaint. The court granted the latter motion with respect to allegations which challenged the

3

attorney fees awarded in the foreclosure action. The court agreed that the issues raised in these portions of the complaint had been litigated and decided in the former action, and were therefore barred by collateral estoppel. After the court's ruling on that demurrer, four causes of action remained: wrongful foreclosure based on the credit bid, abuse of process, fraud, and quiet title.

Defendants answered the first amended complaint and concurrently filed a cross-complaint alleging causes of action for implied indemnity and declaratory relief. The cross-complaint alleged that, in the event the foreclosure sale were declared void, defendants would be entitled to recoup from plaintiff the mortgage payments they had made to Chase bank, the holder of the first deed of trust, so that Chase would not foreclose on the Property, as well as post-judgment attorney fees.

Plaintiff sought to compel production of the attorney fee agreement between defendants and their counsel. When defendants refused to produce the fee agreement based on attorney-client privilege, plaintiff filed a motion to compel. The trial court denied the motion.

On or about September 4, 2013, defendants dismissed their cross-complaint without prejudice.

On October 9, 2013, the trial court entered judgment in favor of defendants on all causes of action. The judgment recites that the "action came on regularly . . . on August 21, 22, 23, 26, 27, 28, and 29, 2013. . . . [¶] The Court heard testimony and considered the evidence presented. At the conclusion of Plaintiff's case in chief, defendants made a motion for judgment pursuant to California Code of Civil Procedure Section [631.8]. The court issued a minute order dated August 30, 2013, containing its Statement of Decision, in which the Court found that plaintiff had failed to meet her burden of proof on any and all of the claims contained in the operative First Amended Complaint. . . ." Neither the above-referenced statement of decision nor a reporter's transcript of proceedings is included in the record on appeal.

Plaintiff timely appealed the judgment. In her brief on appeal, plaintiff lists the trial court rulings she is appealing as follows: (1) the judgment; (2) the order denying her

4

motion to compel the fee agreement between defendants and their counsel; (3) the order sustaining defendants' demurrer to the cause of action for wrongful foreclosure based on a defect in the notice of sale; (4) the order granting defendants' motion to strike portions of her first amended complaint; and (5) the order sustaining defendants' demurrer to her cause of action based on a right of redemption.

DISCUSSION

1. *Absence of a reporter's transcript*

A trial court's judgment or order is presumed to be correct. In *Denham v. Superior Court* (1970) 2 Cal.3d 557, the court stated: "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown [by the appellant]. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Id.* at p. 564.) "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) "The burden of affirmatively demonstrating error is on the appellant." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.) The appellant has the burden to provide an adequate record on appeal to allow the reviewing court to assess the purported error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) If the record on appeal does not contain all of the documents or other evidence submitted to the trial court, a reviewing court will "decline to find error on a silent record, and thus infer substantial evidence" supports the trial court's findings. (*Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955.) California Rules of Court, rule 8.163 provides: "The reviewing court will presume that the record in an appeal includes all matters material to deciding the issues raised. If the appeal proceeds without a reporter's transcript, this presumption applies only if the claimed error appears on the face of the

5

record."  In other words, "in the absence of a required reporter's transcript and other [necessary] documents, we presume the judgment is correct."  (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.)

Here, plaintiff has failed to provide this court with a transcript, or suitable substitute, of the proceedings at trial.  Because the trial court's judgment in this case was based on the factual findings made on the evidence presented to it, yet we are not privy to that evidence, we are unable to review any of the rulings made at trial.

Because the trial court's rulings on defendants' demurrer and motion to strike portions of the first amended complaint, as well as plaintiff's motion to compel production, were not dependent upon the presentation of evidence, we consider plaintiff's challenge to them below.

2.  *Standard of review*

"In determining whether plaintiffs properly stated a claim for relief, our standard of review is clear:  '"We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]  We also consider matters which may be judicially noticed." [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.'  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see also *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [noting that our review is de novo].)"  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

An order striking all or part of a pleading under Code of Civil Procedure section 436 is normally reviewed for abuse of discretion.  (*The Capital Gold Group, Inc. v.*

*Nortier* (2009) 176 Cal.App.4th 1119, 1127; see also, *Leader v. Health Indutries of America* (2001) 89 Cal.App.4th 603, 613 [abuse of discretion standard used when the trial court determines a pleading has disregarded prior court orders or has failed to maintain compliance with the procedural processes]; *Greshko v. County of Los Angeles* (1987) 194 Cal.App.3d 822, 830 [abuse of discretion standard used when basis for order to strike is "to limit the focus of the proceedings to the issues framed by the remaining viable pleadings"].) But when a motion to strike "challenges the legal sufficiency of the complaint's allegations, which are assumed to be true," we review those questions of law under a de novo standard. (*Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36, 53.)

"Appellate review of discovery rulings is governed by the abuse of discretion standard. 'Where there is a basis for the trial court's ruling and the evidence supports it, a reviewing court will not substitute its opinion for that of the trial court. [Citation.]' (*Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1061.) 'The trial court's determination will be set aside only when it has been demonstrated that there was "no legal justification" for the order granting or denying the discovery in question.' (*Lipton v. Superior Court* (1996) 48 Cal.App.4th 1599, 1612, citing *Carlson v. Superior Court* (1961) 56 Cal.2d 431, 438.)" (*OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874, 887.)

3. *Demurrer to wrongful foreclosure—deficiencies in notice of sale*

Plaintiff alleged that the sheriff's sale of the Property was void due to various irregularities in the conduct of the sale, most specifically, failure to give adequate notice. Defendants maintained that plaintiff failed to state a claim for relief, since Code of Civil Procedure section 701.560 specifically states that "[f]ailure to give notice of sale as required by this article does not invalidate the sale." The trial court agreed, and sustained the demurrer without leave to amend. We concur with this ruling.

Plaintiff argues as if the defendants had initiated a nonjudicial foreclosure sale and were responsible for the actions of their agents. However, defendants obtained a judgment ordering foreclosure, which judgment was executed by the sheriff, not by

7

defendants. California law has long held that a sale made under a judgment in foreclosure on insufficient notice cannot be set aside on this ground; the remedy is an action against the officer. (*Shores v. Scott River Water Co.* (1861) 17 Cal. 626, 628; *Hamilton v. Carpenter* (1942) 52 Cal.App.2d 447, 448; see also Code Civ. Proc., § 701.560.) And while plaintiff cites various purported discrepancies in the foreclosure process, she does not allege that she was unaware of the sale, or that she was prejudiced by the manner in which it was conducted. In short, plaintiff's complaint failed to state a cause of action for wrongful foreclosure.

    4. *Demurrer to right of redemption*

As a condition to staying the sale of the Property by foreclosure, the Bankruptcy Court ordered plaintiff's husband to "make regular monthly payments in the amount of $2,000" to defendants, and "adequate protection payments to Chase bank in the amount of $5,600 each month." Pursuant to these orders, plaintiff alleges that defendants collected $128,000 postjudgment for which she received no offset or credit. Relying on this court's opinion in *Birman v. Loeb* (1998) 64 Cal.App.4th 502, plaintiff contends that these post-judgment payments "created a deficiency" thereby entitling her to redeem the Property within one year of the date of sale pursuant to the provisions of Code of Civil Procedure sections 726, subdivision (e), 716.020, and 729.010 through 729.090. The claim is unavailing.

We began our opinion in *Birman v. Loeb, supra,* 64 Cal.App.4th 502 by stating: "This case presents the question whether a creditor can set off a debt owed to the debtor against a deficiency remaining after nonjudicial foreclosure under a purchase money trust deed." (*Id.* at p. 506.) In that case, the plaintiffs had successfully sued the defendants for fraud in connection with the purchase and sale of property; a judgment including an award of attorney fees and costs was entered in their favor. The defendants subsequently reacquired the subject property at a nonjudicial foreclosure sale. Defendants' $2 million credit bid left an unsecured debt of more than $2 million. We held that, pursuant to the anti-deficiency provisions of Code of Civil Procedure section 580d, defendants were not

8

entitled to an equitable setoff of the sums they owed plaintiffs under the latter's judgment.

Contrary to the situation in *Birman v. Loeb, supra,* 64 Cal.App.4th 502, plaintiff was not both a creditor and a debtor of defendants; thus, the issue of an equitable setoff simply does not arise under the facts of this case. Defendants did not seek a deficiency judgment. Instead, they looked only to the Property to satisfy plaintiff's obligations under the All Inclusive Deed of Trust. Consequently, plaintiff had no statutory right of redemption.

5. *Motion to strike*

Plaintiff appeals the trial court's ruling striking the allegations of her first amended complaint which concerned the attorney fees awarded to defendants in the foreclosure action. Specifically, plaintiff alleged that defendants and their attorney, Stanley Bowman, "fraudulently and illegally agreed to split the award of attorney fees. . . . [¶][¶] At the time of the award of attorney fees to [defendants, defendants] had not paid Stanley Bowman any part of the approximate $250,000 in attorney fees awarded to [defendants] which was part of and included in the total $332,697.00 award of attorney fees to [defendants]." Plaintiff alleged that defendants never intended to pay Bowman the full amount of the attorney fee award, making "that portion of the judgment awarding the attorney fees an illegal fee split and the credit bid which included that fee split . . . fraudulent, illegal and improper and the judicial foreclosure sale void."

In its motion to strike, defendants maintained that the issue of attorney fees awarded in the foreclosure action had been litigated to a final judgment, which judgment had been affirmed on appeal. Thus, collateral estopped barred any further litigation of the issue. The trial court agreed, and ordered these allegations stricken from the first amended complaint. We concur with the ruling.

"Collateral estoppel or issue preclusion bars the relitigation of an issue that was previously adjudicated if (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4)

9

the decision in the prior proceeding is final and on the merits; and (5) the party against whom collateral estoppel is asserted was a party to the prior proceeding or in privity with a party to the prior proceeding. [Citation.] 'The "identical issue" requirement addresses whether "identical factual allegations" are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same. [Citation.]' [Citation.]" (*Bostick v. Flex Equip. Co., Inc.* (2007) 147 Cal.App.4th 80, 96.)

Here, the issue of the amount of attorney fees to which defendants were entitled in connection with their prosecution of the foreclosure action was actually litigated in that proceeding by the identical parties to this action. The foreclosure judgment is final. Indeed, plaintiff appealed the judgment entered in that action for the sole purpose of challenging the award of attorney fees. Division Two of this District Court of Appeal affirmed the judgment, including the attorney fee award. (*Goradia v. Vega* (B228128) filed March 5, 2012.) Consequently, plaintiff may not relitigate the issue of the amount of attorney fees to which defendants are entitled in connection with the foreclosure proceeding in this lawsuit. The motion to strike was therefore properly granted.

6. *Motion to compel production of fee agreement*

Plaintiff sought the production of the fee agreement between defendants and their attorney, Stanley Bowman, purportedly to defend the cross-complaint which included the recovery of attorney fees as damages. As the court noted in denying plaintiff's request, "the documents sought are protected by Business and Professions Code § 6149." Moreover, because the cross-complaint was filed only to protect defendants in the event the foreclosure sale was declared void, and was dismissed when the trial ended in

10

defendants' favor, plaintiff was not in any way prejudiced by the order denying her motion.

DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.[*]

We concur:

MOSK, Acting P.J.

KRIEGLER, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.